Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellant *v.* Venango/ Clarion Mental Health Center, Inc., Appellee.

Venango/Clarion Mental Health Center, Inc. *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board. American Federation of State, County and Municipal Employees, District Council 85, AFL-CIO, Appellant.

Argued May 8, 1980, before Judges Mencer, Craig and MacPhail, sitting as a panel of three.

*James L. Crawford*, with him *Anthony C. Bisillo* and *Mary Theresa Gavigan*, Assistant Attorneys General, for appellant.

*Alex E. Echard, Felice Associates, Incorporated*, for appellee.

*Richard Kirschner*, with him *Theodore M. Lieverman, Kirschner, Walters & Willig*, for American Federation of State, County and Municipal Employees, District Council 85, AFL-CIO, intervenor.

OPINION BY JUDGE CRAIG, June 25, 1980:

The Pennsylvania Labor Relations Board (board) appeals from an order of the Court of Common Pleas of Venango County which reversed a decision of the board dismissing a petition for unit clarification filed by the Venango/Clarion Mental Health Center, Inc. (employer).

On September 26, 1976, the American Federation of State, County and Municipal Employees (AFS-CME) filed with the board a petition for representation in which AFSCME alleged that it represented, for collective bargaining purposes, 30% or more of certain employees of the employer. At a hearing be-

fore the board, AFSCME and the employer stipulated to the appropriateness of the proposed bargaining unit comprised of professional and non-professional employees. As stipulated, the unit included the positions of Casework Supervisor I and Coordinator Partial Hospitalization; first level supervisory employees were expressly excluded from the unit by the stipulation.

Following a duly conducted representation election, the board issued a Nisi Order of Certification on January 20, 1977, in which the board certified AFSCME as the exclusive bargaining representative of the stipulated unit. No exceptions to the board's order were filed. However, eleven months later, on December 1, 1977, the employer filed a Petition for Unit Clarification with the board, to exclude from the stipulated unit the positions of Casework Supervisor I and Coordinator Partial Hospitalization, claiming they also are first level supervisory positions.

Because the employer had stipulated to the appropriateness of the unit in which the positions were included, and the duties of the two job classifications had not changed since the unit was certified, the board decided not to exclude the positions from the unit.

The employer then appealed to the lower court, which reversed and remanded the case for the board to make further findings of fact.

Here the issue is whether the board has an affirmative duty to conduct an "independent investigation" into the appropriateness of a bargaining unit notwithstanding a stipulation by employer and union as to the appropriateness of the unit, entered into the record in the course of the hearing conducted by the board.

Certainly, the duty of deciding the appropriateness of a bargaining unit is a duty of the board. The board's role is mandated by Section 604 of the Public

Employes Relation Act (Act), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.604, which states:

> The board shall determine the appropriateness of a unit which shall be the public employer unit or subdivision thereof. In determining the appropriateness of the unit, the board shall:
>
> (5) not permit employes at the first level of supervision to be included with any other units of public employes but shall permit them to form their own separate homogeneous units. In determining supervisory status, the board may take into consideration the extent to which supervisory and non-supervisory functions are performed.

Our scope of review here is limited to a determination of whether or not the findings of the board are supported by substantial legally credible evidence and whether or not its conclusions are reasonable and not capricious, arbitrary or illegal. *Albert Einstein Medical Center v. Pennsylvania Labor Relations Board,* 30 Pa. Commonwealth Ct. 613, 374 A.2d 761 (1977). Thus, the board's initial unit determination must have some sound basis in fact.

Although the parties have not afforded us the opportunity to see the record of the original hearing at Case No. PERA-R-8959-W, Pennsylvania Labor Relations Board, the board's brief relates that the stipulation was submitted at a hearing conducted by the board. We conclude that the board was therefore entitled to treat the stipulation as evidence that the described bargaining unit was appropriate, just like any other substantive evidence to that effect. The stipulation really amounted to an admission by the parties, and an admission is admissible in any court as evidence.

We do not regard a stipulation in a hearing as a mere contract made between the parties with the board

not involved. This is different from the situation of a prior mutual consent of the parties external to the official investigation or hearing, which was the case in *Pennsylvania Turnpike Commission*, PERA-U-65-63-C, 6 Pa. P.E.R. 272 (1975).

We fail to perceive how the board's acceptance of a stipulation of the parties in a hearing in any way subverts the board's factfinding function. By conducting a hearing, the board did conduct an "independent investigation"; independence does not require that areas of agreement be ignored.

Administrative and judicial efficiency is well served by stipulations as a substitute for the taking of testimonial evidence. To accept the view of the employer would definitely diminish the utility of stipulations as a time-saving approach in administrative proceedings. And the employer's argument—that stipulations will be discouraged if they are given binding effect—misses the mark; we probably should discourage any stipulations made with the reservation that they can be later repudiated without a change in the facts.

Therefore, we hold that the language in Section 604(5) of the Act, which forbids bargaining units consisting of first level supervisory and nonsupervisory employees, does not require the board to repeat its investigation into the appropriateness of a bargaining unit upon an attempted unilateral repudiation of a stipulation, where the actual circumstances have not changed.

Accordingly, we reverse the decision of the court below.

ORDER

AND Now, this 25th day of June, 1980, the order of the Venango County Court of Common Pleas, dated August 7, 1979, is reversed.

DISSENTING OPINION BY JUDGE MENCER

I respectfully dissent.

Section 604 of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.604, states, in pertinent part:

> The board shall determine the appropriateness of a unit which shall be the public employer unit or a subdivision thereof. In determining the appropriateness of the unit, the board shall:
>
> . . . .
>
> (5) Not permit employes at the first level of supervision to be included with any other units of public employes but shall permit them to form their own separate homogenous units.

Here, the employer's petition for unit clarification alleges that the employes with the position of Casework Supervisor I and Coordinator Partial Hospitalization are first level supervisory positions. If this allegation can be proved, our law forbids these employes to be in the unit certified in the instant case. Thus, the Court of Common Pleas of Venango County was correct in remanding the case to the Pennsylvania Labor Relations Board for the purpose of holding a hearing on the petition and the making of findings of fact.

The parties here cannot vary the law of this Commonwealth by entering into a stipulation to accept first level supervisors into a bargaining unit when Section 604(5) of the Public Employe Relations Act specifically forbids such to be done. *See Gianfelice Unemployment Compensation Case,* 396 Pa. 545, 153 A.2d 906 ((1959). Likewise, the Pennsylvania Labor Relations Board fails in its duty to make a proper determination of the appropriateness of a unit when it refuses to make inquiry as to the matter on the premise that what is done is final.