Gateway School District, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellee.

Argued October 5, 1983, before Judges WILLIAMS, JR., MacPHAIL and BLATT, sitting as a panel of three.

*Thomas H. M. Hough,* with him *Gregory Gleason, Thomas H. M. Hough, P.C.,* for appellant.

*James L. Crawford,* with him *Frayda Kamber,* for appellee.

OPINION BY JUDGE BLATT, January 12, 1984:

The Gateway School District (District) appeals here a final order of the Court of Common Pleas of Allegheny County affirming an order of the Pennsylvania Labor Relations Board (Board) which held that the position of the secretary to the head of its Food Service Department was includable in the collective bargaining unit certified at Case No. PERA-R-2789.

On July 5, 1979, Gateway Secretarial School Service Personnel Association, PSSPA/PSEA (Union) filed a petition for unit clarification pursuant to the Board's statutory duty to determine the appropriate-

ness of a public employer unit. Section 604 of the Public Employe Relations Act (Act 195), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.604.[1] It requested that a unit of clerical employees be amended to include six (6) positions which had been excluded previously during 1973 certification proceedings. Following a hearing held on October 3-4, 1979, the Board's duly designated hearing examiner issued a nisi order which found four of the six positions[2] to be nonconfidential and, therefore, includable in the unit of clerical employees. The District filed timely exceptions, contending that the Union had failed to show any change in the duties of the four positions between the 1973 certification proceedings and the 1979 unit clarification request. On December 18, 1981, the Board issued a final order which found the position of secretary to the head of the Food Service Department to be includable in the unit but excluded the other three positions. The District appealed the decision to include the secretary to the head of the Food Service Department in the unit to the Court of Common Pleas of Allegheny County which, in turn, affirmed the Board. The present appeal followed.

Our scope of review is limited to determining whether or not substantial evidence supports the findings of fact and whether or not conclusions based on these findings are reasonable and not arbitrary, capricious or incorrect as a matter of law. *Pennsyl-*

[1] Section 604 reads in pertinent part:

The board shall determine the appropriateness of a unit which shall be the public employer unit or a subdivision thereof.

[2] As to the remaining two positions originally included in the Union's petition for unit clarification, one was withdrawn from the petition by the Union and the other was found by the Board to be supervisory in nature.

*vania Social Services Union v. Pennsylvania Labor Relations Board,* 68 Pa. Commonwealth Ct. 307, 449 A.2d 96 (1982). And we must accept the Board's findings of fact as conclusive if they are supported by substantial evidence in the record. Section 1501 of Act 195, 43 P.S. §1101.1501.

The District argues first that the Board abused its discretion when it arbitrarily and capriciously ignored the record of the 1973 certification proceedings in deciding the merits of the 1979 petition for unit clarification. More specifically, the District contends that a petition for unit clarification of a previously certified bargaining unit is, in essence, a request to reopen the original proceeding and that, therefore, the hearing body must review all past proceedings dealing with the composition of the unit.

Section 1501 of Act 195, 43 P.S. §1101.1501 prohibits a reviewing court from considering an objection which has not been raised before the Board absent "extraordinary circumstances". Inasmuch as the District failed to raise the above objections before the Board, therefore, and has not presented us with any reason for this oversight, we are unable to address this contention. *Richland Education Association v. Pennsylvania Labor Relations Board,* 43 Pa. Commonwealth Ct. 550, 403 A.2d 1008 (1979).

The District argues next that the Union failed to present evidence that the duties of the secretary to the head of the Food Service Department had changed between the 1973 certification proceedings and the 1979 hearings for unit clarification and that the Board's decision to include this position in the bargaining unit was consequently not based on substantial evidence. The District submits that the Union had the burden to show changed duties because the

position had been *litigated* during the 1973 certification proceedings.[3]

A thorough review of the record, however, reveals that neither the District nor the Union entered into the record any evidence as to whether or not the position had been litigated in the prior certification proceedings. The Board's final order stated that ''the parties have offered no evidence in the record to indicate how or why the . . . position at issue, . . . was excluded in 1973.'' Moreover, the District, contradicting itself, submitted that the position was *stipulated* in the statement of facts contained in its brief. This Court, of course, cannot resolve questions of fact. Our task is to determine whether or not the Board made a reasonable decision based on substantial evidence. *Pennsylvania Social Services Union.*

Section 604 of Act 195 provides that the Board has the duty to determine the appropriateness of a unit. 43 P.S. §1101.604. And, although Section 604 does not specifically outline a procedure for unit clarification, the Board's regulations do provide for unit clarification proceedings. 34 Pa. Code §95.23(a). Moreover, this Court has recognized the necessity of unit clarification proceedings as a means to insure flexibility in the composition of the bargaining unit as new positions are created or existing positions are

---

[3] It is Board policy that positions which were *litigated* during the original certification proceedings, as opposed to *stipulated*, will not be relitigated at a later date absent a showing of changed duties. On the other hand, the Board will review the question of inclusion in a particular collective bargaining unit without a showing of changed duties where the position was *stipulated* during certification proceedings and a year has passed since the stipulation was agreed upon. *See Northeastern Educational Intermediate Unit 19*, 11 Pa. P.E.R. ¶11232 (1980), *aff'd*, 13 Pa. P.E.R. ¶13264 (1982) and *North Manheim Township*, 10 Pa. P.E.R. ¶10251 (1979).

changed. *See Pennsylvania Labor Relations Board v. Venango-Clarion Mental Health Center,* 52 Pa. Commonwealth Ct. 341, 415 A.2d 1259 (1980) and *School District of the Township of Millcreek v. Millcreek Education Association,* 64 Pa. Commonwealth Ct. 389, 440 A.2d 673 (1982).

In *Millcreek,* we held that "[t]he purpose of a unit clarification procedure under [Act 195] . . . is to determine whether certain job classifications are properly included in a bargaining unit, *based upon the actual functions of the job.*" Additionally, the Board has held, in past decisions,[4] that, where neither party offered into evidence the manner in which a position had previously been excluded from the collective bargaining unit, the issue of changed duties is irrelevant. *Northeastern Educational Intermediate Unit 19,* 11 Pa. P.E.R. ¶11232 (1980), *aff'd,* 13 Pa. P.E.R. ¶13264 (1982).

In view of the Board's duty to decide the appropriateness of a bargaining unit and of the need to promote flexibility in the composition of a bargaining unit as positions are created or changed, we must hold, therefore, that in the absence of evidence showing how a position was included or excluded in the original certification proceedings, it would be reasonable for the Board to focus on actual job duties in determining the merits of a petition for unit clarification.

The Board based its decision to include the secretary to the head of the Food Service Department in the collective bargaining unit on the actual job functions of the position. It found that the secretary to the head of the Food Service Department "does not

---

[4] While past Board decisions are certainly not binding on this Court, they are persuasive.

512

type collective bargaining proposals and does not use collective bargaining files in the normal course of her duties.'' Following our own thorough review of the record, we conclude that this finding was based on substantial evidence.

We will therefore affirm the order of the Court of Common Pleas.

ORDER

AND Now, this 12th day of January, 1984, we hereby affirm the order of the Court of Common Pleas of Allegheny County in the above-captioned matter.