Robert M. Roderick et al., Petitioners *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent.

Leonard A. Mihalich et al., Petitioners *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent.

Argued September 13, 1984, before Judges MAC-PHAIL, COLINS and BLATT, sitting as a panel of three.

*Susan R. Friedman,* with her, *Gary D. Melchionni, Tryon, Friedman & Espenshade,* for petitioners.

*Kathryn Speaker MacNett,* with her, *James L. Crawford,* for respondent.

*Debra K. Wallet,* Deputy Attorney General, with her, *Allen C. Warshaw,* Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for intervenor, Office of Attorney General.

*Alaine S. Williams, Kirschner, Walters, Willig, Weinberg & Dempsey,* for intervenor, Council 13, American Federation of State, County and Municipal Employees, AFL-CIO.

OPINION BY JUDGE COLINS, December 4, 1984:

Petitioners, employees of the Attorney General's office, (employer) appeal a final order of the Pennsylvania Labor Relations Board (Board) dismissing

their Exceptions to a decision of the Secretary, refusing to issue a complaint on charges of unfair labor practices.

Petitioners are Drug or Criminal Investigators who filed grievances alleging that they should be placed in higher job classifications pursuant to Article 28 of the Collective Bargaining Agreement between the Commonwealth and their union, the American Federation of State, County and Municipal Employees (union). Article 28 provides:

Classification.

Section 1. The position classification plan, as established and maintained by the Employer, consists of a schedule of classification titles with classification specifications for each classification which define and describe representative duties and responsibilities and set forth the minimum requirements and qualifications essential to the work of the classification. If employes consider their permanent position to be improperly classified, the employes may process an appeal for a reallocation of their position through the grievance procedure as set forth in this Agreement, except that step 5, arbitration, shall be replaced by Section 2 of this Article.

Section 2. . . . The findings of the panel shall be submitted to the parties within 30 days after the hearing or receipt of transcript when taken. The determination of the panel shall be final and binding in those cases where an employe's position is downgraded as a result of an employe appeal or an Employers initiated classification review. *In all other cases the decision of the panel shall be advisory only as to the Employer.* (Emphasis added.)

Following a grievance arbitration, an award was issued on April 18, 1983, stating:

Having found that duties, knowledge, skills and abilities required for the position of Special Agent in the Bureau of Criminal Investigation and the Drug Investigator in the Bureau of Narcotics and Drug Control are strikingly similar, and having found that the confidentiality and sensitivity required in each investigative matter must be judged on a case-by-case basis, it is *recommended* that Drug Investigator II's in the Bureau of Narcotics and Drug Control, Middletown, Pennsylvania office, be upgraded to Special Agent II.

*Award*

It is *recommended* that the grievance be sustained to the extent set forth hereinabove. (Emphasis added.)

The employer did not implement the reclassification and petitioner's union has refused to enforce the award.

Petitioners filed unfair labor practice charges against the employer and the union. The Secretary of the Board refused to issue a complaint on the charge of unfair practices, stating that Petitioners lacked standing. She stated that Section 1201(a)(5) of the Public Employe Relations Act (PERA)[1] "prohibits an employer from refusing to bargain collectively in good faith with the exclusive representative of employes. The obligation to bargain collectively exists only between the certified representative and the employer." The Secretary further stated that petitioners failed to allege the unfair practices within the four-month statute of limitations period, and that

[1] Act of July 23, 1970, P.L. 563, 43 P.S. §1101.1201 (a)(5).

since parties to a collective bargaining agreement can expressly exclude certain disputes from arbitration, they can also expressly exclude certain disputes from binding arbitration.

Petitioners filed Exceptions to these decisions of the Secretary. The Board entered a final order that the Secretary not issue a complaint on the charges of unfair practices filed.

Our scope of review here is limited to a determination of whether the factual findings of the Board are supported by substantial evidence and whether its legal conclusions are reasonable, and not arbitrary, capricious or incorrect as a matter of law. *Gateway School District v. Pennsylvania Labor Relations Board,* 79 Pa. Commonwealth Ct. 506, 470 A.2d 185 (1984).

The Board argues that Petitioners lack standing to file an unfair practice charge as individuals and that advisory grievance arbitration is permissible in matters of managerial policy and the award need not be implemented by the employer. The employer, an intervenor, claims it need not comply with an advisory award and that the parties lacked standing to compel performance of the arbitration decision.

The union has also intervened, stating that the acts complained of do not constitute unfair labor practices under PERA because it is a permissive subject of bargaining and employers are not obligated to bargain over the issue, and that advisory arbitrations are allowable.

Petitioners argue that the arbitration award *"sustained* the grievance and *ordered* the Petitioners to be *reclassified* with *full back pay* and *seniority."* (Emphasis added.) It is difficult to imagine how this characterization can be drawn from the award quoted

above where it was clearly delineated as being an *advisory* opinion. Although we need not reach this issue, we feel compelled to point out that it is clear from the Collective Bargaining Agreement negotiated between the parties that classification awards, with the exception of down-grading positions, were intended to be advisory as to the employer.

However, the crucial question is whether petitioners have standing as individuals to bring these unfair practice charges to force the implementation of an arbitration decision when their union has refused to bring the action. In *McCluskey v. Department of Transportation*, 37 Pa. Commonwealth Ct. 598, 391 A.2d 45 (1978), this court determined that an individual does not have the right to have his grievance arbitrated and that allowing this would seriously impair the process of collective bargaining between employers and unions.

Furthermore, in *Ziccardi v. Department of General Servceis, Bureau of Buildings and Grounds*, 500 Pa. 326, 456 A.2d 979 (1982) our Supreme Court found that a public employee, ex parte, did not have standing to enforce an agreement when the union refused to proceed to arbitration, and that the union has broad discretion in determining whether or not to pursue the remedy. Here the union pursued the grievance but the agreement clearly reserved the subject of classification, other than downgrading, for advisory, not binding, arbitration.

We find that petitioners lack standing as individuals to force the implementation of an advisory arbitration award. Since this initial requirement has not been met, we need not discuss the other issues raised by petitioners.

The final decision and order of the Board is af-affirmed.

284

ORDER

AND Now, December 4, 1984, the order of the Pennsylvania Labor Relations Board dated November 17, 1983, is hereby affirmed.