125 Pa. Commonwealth Ct. 549 (1989)
558 A.2d 581
Commonwealth of Pennsylvania, Petitioner
v.
Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent.
No. 1154 C.D. 1988.
Commonwealth Court of Pennsylvania.
Argued April 6, 1989.
May 3, 1989.
Argued April 6, 1989, before Judges BARRY and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.
*550 Steven O. Newhouse, Assistant Counsel, with him, Robert J. Schwartz, Assistant Counsel, and Frank A. Fisher, Jr., Chief Counsel, for petitioner.
John B. Neurohr, with him, James L. Crawford, for respondent.
Anthony C. Busillo, II, for intervenor, Pennsylvania State Park Officers Association.
Michael H. Small, Farrell & Small; Of Counsel: Scott A. Brooks, Gregory, Moore, Jeakle & Heinen, for intervenor, International Union, United Plant Guard Workers of America.
OPINION BY SENIOR JUDGE NARICK, May 3, 1989:
The Commonwealth of Pennsylvania (Commonwealth) appeals an order of the Pennsylvania Labor Relations Board (Board) which certified the Pennsylvania State Park Officers Association (Association), an affiliate of the Fraternal Order of Police, as collective bargaining representative of the Pennsylvania Park Ranger II, Seasonal Park Ranger II and Park Ranger Supervisor units (collectively, Park Rangers II), pursuant to the Collective Bargaining Act.[1] We affirm.
The facts are as follows. On September 3, 1985, the Association filed a petition for representation, requesting that the Board investigate and conduct an election to determine whether the Association represented fifty percent or more of the Park Rangers II.[2]
A hearing was held where all parties in interest were afforded full opportunity to present testimony. On June *551 2, 1986, the Hearing Examiner issued an order which concluded that certain of these Park Rangers II were "policemen" within the meaning of Act 111 and directed the Commonwealth to submit a list of employees in the unit in order that an election could be conducted.
After the election (first election) and the Association was voted as representative, both the Association and the Commonwealth filed exceptions with the Board. The Board remanded to the Hearing Examiner for further proceedings, wherein the Examiner found that all Park Rangers II classifications were "policemen" within the meaning of Act 111, including certain of those who did not routinely carry a firearm.
Now, with a larger membership group to be considered, which could change the results of the first election, a second election was held. The Association was overwhelmingly voted as representative. The Board issued a nisi order of certification, stating that the Association was the exclusive bargaining representative of the Park Rangers II. The Commonwealth filed exceptions, but the Board issued a final order of certification. This appeal followed.
Our scope of review from an adjudication of a Commonwealth agency is limited to a determination of whether constitutional rights have been violated, an error of law has been committed and whether factual findings necessary to support the adjudication are supported by substantial competent evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; Estate of McGovern v. State Employees' Retirement Board, 512 Pa. 377, 517 A.2d 523 (1986); Harbaugh v. Pennsylvania Labor Relations Board, 107 Pa. Commonwealth Ct. 406, 528 A.2d 1024 (1987).
If supported by substantial evidence, the findings of the Board are conclusive. Appeal of Cumberland Valley School District, 483 Pa. 134, 394 A.2d 946 (1978). "Substantial *552 evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Hence, appellate review must focus on whether there is rational support in the record, when viewed as a whole for the agency action." Republic Steel Corporation v. Workmen's Compensation Appeal Board, 492 Pa. 1, 5, 421 A.2d 1060, 1063 (1980) (citation omitted).
The Commonwealth's sole argument is that the Board erred in concluding that the Park Rangers II are "policemen", and therefore, representation by the Association is improper.
The Supreme Court in Philadelphia Fire Officers v. Pennsylvania Labor Relations Board, 470 Pa. 550, 369 A.2d 259 (1977), conferred jurisdiction upon the Board to process Act 111 representation cases, and recognized the danger of substituting "the inexpert court of common pleas for the expert and specialized administrative agency especially created by the Legislature . . . ." Id. at 558 n. 9, 369 A.2d at 262 n.9. In bargaining unit determinations, the Court has consistently deferred to the Board. Chester-Upland School District v. Pennsylvania Labor Relations Board, 110 Pa. Commonwealth Ct. 439, 532 A.2d 925 (1987); Einstein Medical Center v. Pennsylvania Labor Relations Board, 30 Pa. Commonwealth Ct. 613, 374 A.2d 761 (1975).
Section 1 of Act 111 provides that "[p]olicemen or firemen employed by a political subdivision of the Commonwealth or by the Commonwealth shall, through labor organizations or other representatives designated by fifty percent or more of such policemen or firemen, have the right to bargain collectively with their public employers. . . ."
While granting bargaining rights to police personnel in the Commonwealth, Act 111 fails to define who is or is not a policeman within the meaning of Act 111. In determining *553 whether or not particular employees are "police" within the meaning of Act 111, the Board and the courts have applied a two-part test. The test requires that the employees in question must be (1) legislatively authorized to act as police, and (2) that the employees in question must, in fact, act effectively as policemen. Commonwealth v. Pennsylvania Labor Relations Board (Capitol Police), 64 Pa. Commonwealth Ct. 525, 441 A.2d 470, aff'd in part, rev'd in part, 502 Pa. 7, 463 A.2d 409 (1983); Venneri v. County of Allegheny, 12 Pa. Commonwealth Ct. 517, 316 A.2d 120 (1974).
The first part of this two-part test is set forth in Section 1906-A of the Administrative Code[3] which is the legislative authority of the Park Rangers to act as police in state parks. Section 1906-A provides that:
The Department of Environmental Resources shall have the powers and its duty shall be:
. . . .
(7) to appoint persons to preserve order in the state parks, which person shall have all of the following powers:
(a) to make arrests without warrant for all violations of the law which they may witness and to serve and execute warrants issued by the proper authorities: Provided, however, That in cases of offenses for violations of any other provision of the Vehicle Code, the power to make arrests without warrant shall be limited to cases where the offense is designated a felony or misdemeanor, or in cases causing or contributing to an accident resulting in injury or death to any person; (b) to have all the powers and prerogatives conferred by law upon members of the police force of the cities of the *554 first class; (c) to have all the powers and prerogatives conferred by law upon constables of the Commonwealth; (d) to serve subpoenas issued for any examination, investigation or trial held pursuant to any law of the Commonwealth.
It is pursuant to this legislation that Park Rangers II are commissioned. The Commonwealth argues that this is a grant of authority to the Department and not to the Park Rangers II. The Commonwealth relies upon Capitol Police, where the employees in question were granted directly their authority, pursuant to Section 2416 of the Administrative Code.[4] This argument is simply a distinction without difference. The relevant inquiry here is whether the Park Rangers II exercise the statutory police duties authorized by the legislature. Section 1906-A of the Administrative Code is the authority.
The second part of the test is whether the Park Rangers II do, in fact, act as police. The Board affirmed the Hearing Examiner's findings that the Park Rangers II did perform traditional police functions.[5]
*555 The Commonwealth, in a further attempt to undercut the legislature's broad grant of police powers to the Park Rangers II, erroneously linked them to other enforcement personnel who lack general police authority. In Fraternal Order of Police v. Pennsylvania Labor Relations Board, 71 Pa. Commonwealth Ct. 316, 454 A.2d 686 (1983), aff'd per curiam, 502 Pa. 541, 467 A.2d 323 (1983), the Supreme Court determined that the liquor board's enforcement officers, who were not statutorily authorized to enforce all the laws of the Commonwealth, but merely liquor laws, were not police with the meaning of Act 111, since their enforcement powers were limited to special offenses.
The Commonwealth also relies on Venneri, which held the deputy sheriffs of Allegheny County were not police, based upon the historical development of the sheriff's office as employees of the court and that the primary duties set forth in the Second Class County Code[6] do not refer to any duties of sheriffs which pertain to general police work or criminal investigation, contrary to the broad police duties of the Park Rangers II, authorized under Section 1906-A of the Administrative Code.
The Commonwealth also cites Pennsylvania Human Relations Commission v. Beaver Falls City Council, 469 Pa. 522, 366 A.2d 911 (1976), where "meter-maids" were held not to be "police officers" because their duties were limited to enforcement of a specialized type of traffic regulation. The Supreme Court noted in Beaver Falls that:
[t]he title of policeman [may] be properly applied to one who performs services critical to public safety in the investigation and detection of serious *556 crimes  a person trained, equipped (with . . . gun, handcuffs, badge of office and motor vehicle) and actually engaged in the detection of persons suspected of crime.
Id. at 527, 366 A.2d at 914 (citation omitted). The Commonwealth argues that the Park Rangers II do not fulfill all of the definition set forth in Beaver Falls because their duties do not include the "investigation" of serious crimes. Park Rangers II may encounter an endless variety of crimes and do investigate, when necessary, and therefore, are not limited as were the meter-maids in Beaver Falls.
The Commonwealth finally argues that the Department's 1984 Directive to Park Rangers which insists that Park Officers should not have a "police officer mentality" demonstrates that the Park Rangers II should not be considered police. This general directive does not overcome the Park Ranger II's grant of authority and their actual police functions.
Accordingly, we affirm the Board's order that certified the Association as bargaining representative for the Park Rangers II.

ORDER
AND NOW, this 3rd day of May, 1989, the order of the Pennsylvania Labor Relations Board in the above-captioned matter is hereby affirmed.
NOTES
[1] Act of June 24, 1968, P.L. 237, as amended, 43 P.S. §§217.1-217.10 (Act 111).
[2] These employees were a part of a larger bargaining unit represented by the United Plant Guard Workers of America, under the Public Employee Relation Act, Act of July 23, 1970, P.L. 563, as amended, 43 P.S. §§1101.101-1101.2301.
[3] April 9, 1929, P.L. 177, as amended, 71 P.S. §§510-6(7).
[4] 71 P.S. §646.
[5] The Hearing Examiner found that:

7. That park rangers II and park ranger supervisors are commissioned law enforcement officers. Upon being commissioned, park rangers II and park ranger supervisors are required by the Commonwealth to attend training sessions at which instruction on the Crimes Code, the Vehicle Code, the Fish and Game Law and park rules and regulations is given. (Citations omitted.)
8. That park rangers II and park ranger supervisors have issued citations and made arrests for violations of the Crimes Code, the Vehicle Code, and the Fish and Game Laws and park rules and regulations; have issued Miranda warnings, have filed with local magistrates criminal complaints and affidavits of probable cause for arrest, have fingerprinted and photographed individuals they have arrested and have worked and/or engaged in joint operations with the Pennsylvania State Police, local police departments, the FBI and the U.S. Customs Service. (Citations omitted.)
[6] Act of July 28, 1953, P.L. 723, as amended, 16 P.S. §3401-3460.