*1134 OPINION

Per Curiam:

Appellant Clark County (“the County”) and respondent Clark County Park Ranger Employees Association (“the Association”) are in dispute over whether Park Rangers (“Rangers”) should be considered “police officers” as defined in NRS 288.215(l)(b). Respondent Local Employee-Management Relations Board found that Rangers are police officers under the statute, and the district court agreed. We conclude that the district court erred in sustaining the Board’s order and reverse.

FACTS

The County and the Association are in the process of negotiating the terms of a new collective bargaining agreement. The parties are wrangling over whether Rangers should be considered “police officers” as defined in NRS 288.215(1)(b). This statute provides:
“Police officers” means those persons who are salaried employees of a police department or other law enforcement agency organized by a political subdivision of the state and whose principal duties are to enforce the lalw.
The parties agree that the Rangers’ “principal duties are to enforce the law,” but they disagree over whether they are “salaried employees of a . . . law enforcement agency organized by a political subdivision of the state.”
The significance of this dispute relates to negotiating procedure: Police officers, as well as firefighters and school teacher unions, have received legislative authorization to employ a relatively speedy special impasse procedure known as the “last best oífer.”[1] NRS 288.215; 288.217. If Rangers are not considered police officers, the parties must use a drawn-out “regular impasse procedure” generally available to all local government employees.[2] The Association notes that the special impasse procedures *1135 decrease the ability of management to use hardball negotiating tactics, thus explaining why the State’s most powerful unions have successfully lobbied to obtain such procedures.
On February 11, 1994, the Association filed a petition for a declaratory order with respondent State of Nevada, Local Government Employee-Management Relations Board (“Board”), asking the Board to decide whether Rangers were police officers within the meaning of NRS 288.215. To support its position, the Association cited NRS 280.125, a section apparently added to NRS 280 in 1993 to clarify metropolitan police department legislation. NRS 280 allows counties with a population of over 100,000 to consolidate city and county law enforcement agencies into a single law enforcement agency. NRS 280.125 provides:
The provisions of this chapter do not prohibit a participating political subdivision from establishing and administering the following units of specialized law enforcement:
(a) A unit consisting of animal control officers.
(b) A unit consisting of marshals.
(c) A unit consisting of park rangers.
(d) A unit for the investigation of arson.
(e) A unit for the enforcement of laws relating to the licensure of businesses.
(f) A unit for the enforcement of nonmoving traffic laws.
(Emphasis added.) According to its legislative history, this section was added to NRS 280 in order to clarify a potential jurisdictional conflict between the Las Vegas Metro Police Department and city and county employees having specific law enforcement duties. Because NRS 280 provided for a “single law enforcement agency,” concern arose that arrested persons could claim that city or county employees did not have power to engage in law enforcement activities. Minutes of the Senate Comm. on Gov’t Affairs, 67th Leg. at 12 (June 14, 1993); see also NRS 280.105 (allowing counties and cities “to create a single law enforcement agency for the participating political subdivisions”); NRS 280.120 (“The law enforcement agencies of each participating political subdivision, which are designated in the merger, shall be deemed superseded as long as the ordinance providing for the merger remains in effect.”). The Association claims that NRS 280 does not necessarily preclude the creation or existence of other law enforcement agencies in counties which choose to create a single metropolitan police department.
The County filed a response to the Association’s petition, and on May 18, 1994, the Board held a hearing. In its declaratory order, the Board found that Rangers were “police officers” within the meaning of NRS 288.215. Declaring that the provisions of NRS 288.215(1)(b) should be construed broadly to *1136 effectuate legislative intent, the Board ruled that the statute should be construed to include, rather than exclude, the Rangers. The Board also found that (1) the Association was “the exclusive bargaining agent for a bargaining unit consisting of park rangers employed by Clark County in its Department of Parks and Recreation,” and (2) “[t]hat ‘park rangers’ are employees of a unit of specialized law enforcement as defined by NRS 280.125.” (Emphasis added.) Having found that Rangers were employees of a unit of specialized law enforcement, the Board concluded that the Rangers met both criteria for “police officers.”
The County filed a timely petition for judicial review. Without a hearing, the district court denied the petition, thus prompting the County to appeal.

DISCUSSION

“The construction of a statute is a question of law, and independent appellate review of an administrative ruling, rather than a more deferential standard of review, is appropriate.” Maxwell v. SIIS, 109 Nev. 327, 329, 849 P.2d 267, 269 (1993). This court may set aside the district court’s order if the Board’s ruling was:
(a) In violation of constitutional or statutory provisions;
(b) In excess of the statutory authority of the agency;
(c) Made upon unlawful procedure;
(d) Affected by other error of law;
(e) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or
(f) Arbitrary or capricious or characterized by abuse of discretion.
NRS 233B.135(3).
The County argues that park rangers are not employees of a law enforcement agency. It notes, as did the Board, that Rangers are hired through the County Manager and that their background checks are performed by the Department of Personnel prior to hiring. The County insists that Rangers are employees of the Department of Parks and Recreation and serve and are trained under the direction of the Department’s director. Rangers belong to a Department administrative unit entitled Park Ranger Unit, over which the County has authority pursuant to NRS 244.167. The County notes that this administrative unit has no independent existence, cannot enter into employment contracts, and has no authority to hire, fire or pay employees on its own. Consequently, the County claims that the Board erred in finding that Rangers are salaried employees of “the Park Ranger’s Unit” and that this unit is a law enforcement agency.
The Association does not dispute the organizational structure *1137 of the Park Ranger Unit as laid out by the County and the Board. However, it insists that neither NRS 280 nor any county ordinance precludes the unit of park rangers from being considered a law enforcement agency. The Association contends that the Board did not abuse its discretion in interpreting NRS 280.125 to mean that Rangers were intended to be included as members of concurrent law enforcement organizations, and that great deference ought to be given to the Board’s interpretation. Alternatively, it argues that the Board’s legal interpretation was intermixed with factual determinations, so that a greater deference ought to apply to the Board’s order.
Initially, we agree with the district court’s characterization of this issue as a question of law. At issue is the interpretation of a statute; consequently, this court need not apply the deference that would apply if the Board were determining factual issues. Maxwell, 109 Nev. at 329, 849 P.2d at 269.
We conclude that the Board erred in deciding that Rangers are “police officers” or salaried employees of a law enforcement agency. NRS 280.125(1) allows political subdivisions to establish units of specialized law enforcement, including a unit consisting of park rangers. Without explanation, the Board soared from a finding that Rangers are a unit of specialized law enforcement to a finding that Rangers “clearly” are persons who are salaried employees of a law enforcement agency.[3]
The fact that the duties of Rangers include a strong component of specialized law enforcement does not mean that the unit is a law enforcement agency. As the County notes, NRS 280 permits political subdivisions to create a “single law enforcement agency;” this resulted in the Las Vegas Metropolitan Police Department. NRS 280.125 allows political subdivisions to create “specialized law enforcement units.” Although the legislation does not bar political subdivisions from creating law enforcement agencies, there is no evidence that the legislature or the County *1138 intended these specialized law enforcement units to be law enforcement agencies.
Moreover, because Rangers belong to a specialized unit does not mean that they are salaried employees of that unit. The Board found that the Park Ranger Unit had “no existence independent of the County or the Department of Parks and Recreation.” It recognized that the County had authority for the unit pursuant to NRS 244.167. Because it is undisputed that Rangers are salaried employees of the County or the Department of Parks and Recreation, we are persuaded that Rangers are not police officers within the meaning of NRS 288.215(l)(b). Consequently, we conclude that the Board erred in construing the statute so broadly as to include salaried employees of non-law enforcement agencies who work in specialized law enforcement units.[4]
In our ruling, we have properly limited our inquiry to determining the plain statutory construction of “police officer” as defined in NRS 288.215(1)(b). See Maxwell, 109 Nev. at 330, 849 P.2d at 269 (citing Cirac v. Lander County, 95 Nev. 723, 729, 602 P.2d 1012, 1016 (1979) (where statutory language is clear, a court should not alter the statute to accomplish a purpose not on the face of the statute)). Additionally, we note that NRS 280.125 provides no assistance in interpreting NRS 288.215(1)(b) with respect to the current dispute. NRS 280.125 merely allows political subdivisions to lawfully create specialized law enforcement units. In this case, the County created a dependent Park Ranger Unit and employed security officers to serve in the unit. The propriety of this action was validated by NRS 280.125.
We conclude from the foregoing that the Board arbitrarily found that the legislature, by enacting NRS 280.125, intended these specialized law enforcement units to be law enforcement agencies with the power to employ personnel who are tantamount to police officers under the law.
*1139 Given our disposition of this case, it is not necessary to address other arguments raised by the parties, which we have determined in any event to be without merit.

CONCLUSION

For the above stated reasons, we reverse the district court’s order together with the underlying decision of the Board upon which the order was based.

The “last best offer” is an expedited procedure which allows either party to submit the dispute to an impartial fact finder after April 10, submit remaining disputes to an arbitrator, and, after a hearing and an optional period of negotiations, each party submits a final written offer to binding arbitration. NRS 288.205; 288.215; see also NRS 288.217.

This procedure requires the parties to negotiate for a longer period of time before submitting the dispute to a fact finder. Either party may demand mediation between July 1 and July 4, and a mediator has until July 31 to resolve the dispute. NRS 288.190. This final decision is nonbinding, and if not agreed to, is submitted to a three-member panel, which considers factors under NRS 288.200(6) and decides whether the disputed issue is negotiable and whether the decision is binding or only advisory. NRS 288.200-.203.

In its petition before the Board, the Association divided NRS 288.215(l)(b) into three parts involving: (1) duties that include enforcing the law; (2) salaried employees; and (3) salaried employees of a law enforcement agency. The first part was undisputed. The second part was proved by putting into evidence the pay schedules of the County. Finally, to prove the third element, the Association provided Black’s Law Dictionary’s definition of “governmental agency” which states as follows: “a subordinate creature of . . . local government created to carry out a governmental function or to implement a statute or statutes.” The Association argued that the Park Ranger Unit was a “subordinate creature of . . . local government” and that it was “created to carry out the governmental function” of enforcing the law.
We conclude that NRS 288.215(l)(b) plainly reads otherwise. To be a “police officer” within the meaning of this section, “persons must be salaried employees of a . . . law enforcement agency.” Rangers are salaried employees of the County, not a law enforcement agency.

At least two other states have distinguished park rangers from police officers. See City of San Antonio v. San Antonio Park Rangers Assoc., 850 S.W.2d 189 (Tex. Ct. App. 1992) (holding that park rangers were not “in the police department” even though they regularly served in a professional law enforcement capacity); Hernandez v. City of Ft. Worth, 617 S.W.2d 923 (Tex. 1981); see also Commonwealth v. Roberts, 514 A.2d 525 (Pa. Super. Ct. 1986) (park rangers were held to not have extraterritorial arrest powers, which the police possessed).
The Association cites the case of Commonwealth v. Labor Relations Bd., 558 A.2d 581 (Pa. Commw. Ct. 1989), where park rangers were considered “police” because they “(1) [were] legislatively authorized to act as police, and (2) . . . acted effectively as policemen.” Id. at 583. Because the statutory definition used by the Pennsylvania court is distinct from NRS 288.215(l)(b), we conclude that the case is unpersuasive.