Carmelita CASE, Jamie Popso, Linda Schiavo, Geraldine Gordon, Lee Ann Perry, Sharon Turse, Lynn Cavello, Noreen Gunshore, Louise Lyate and Joan Chincola

v.

HAZLETON AREA SCHOOL DISTRICT and Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board.

Appeal of: Pennsylvania Labor Relations Board.

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 2006.
Decided Jan. 30, 2007.

Samuel B. Ickes, Harrisburg, for appellant.

John G. Audi, Wilkes–Barre, for appellee, Pennsylvania State Education Association.

BEFORE: COLINS, President Judge, and McGINLEY, Judge, and LEAVITT, Judge.

OPINION BY Judge McGINLEY.

The Pennsylvania Labor Relations Board (PLRB) appeals the order of the Court of Common Pleas of Luzerne County (common pleas court) which reversed the order of the PLRB and determined that the claims or charges of Carmelita Case, Jamie Popso, Linda Schiavo, Geraldine Gordon, Lee Ann Perry, Sharon Turse, Lynn Calvello, Noreen Gunshore, Louise Lyate and Joan Chincola (Employees) were under the jurisdiction of the PLRB and remanded to the PLRB for further proceedings.

The Employees were all employees of the Hazleton Area School District (District) and members of the Hazleton Area Educational Support Personnel Association (Association) and the Pennsylvania State Education Association (PSEA). On or about July 1, 1998, the Association and the PSEA entered into a collective bargaining agreement with the District. The collective bargaining agreement ran from July 1, 1998, to June 30, 2003. The District submitted an offer to the Association and the PSEA in October of 2004. This proposed contract would run from July 1, 2003, through June 30, 2007. The Employees believed that this proposed contract was fair. The Association and the PSEA advised that the membership reject the offer. The offer was rejected. The Association and the PSEA prepared a counteroffer. The membership of the Association approved the counteroffer. The Employees

believed that the counteroffer provided longer term membership employees with smaller salary increases over the length of the contract than the initial offer.

The Employees commenced an action in the common pleas court and requested that the common pleas court order that the counteroffer and approval of the counteroffer be declared unlawful, null, and void. The Employees also sought declaratory relief that the counteroffer and/or the acceptance of it by the District be declared null, void, and of no legal effect. The Employees sought compensatory and punitive damages against the Association and the PSEA. The Employees also named the District as a defendant and sought an order that the District not recognize or accept the counteroffer and a declaratory judgment that any purported agreement or contract resulting from the District's acceptance of the counteroffer be declared illegal, null, void, and of no legal effect whatsoever. The Association, PSEA, and District preliminarily objected. The common pleas court sustained the preliminary objections on the ground it lacked subject matter jurisdiction. *Segilia v. Riverside School Service Personnel Association*, 106 Pa.Cmwlth. 336, 526 A.2d 832 (1987). The common pleas court determined that the complained of conduct was within the exclusive jurisdiction of the PLRB.

On June 24, 2005, the Employees filed an unfair labor practices charge with the PLRB against both the District and the Association. The PLRB bifurcated the charges into two separate cases: one against the District and one against the Association. The case involving the District is before the Court.[1] The Employees' appeal addresses the charges against the District. The Employees allege that the District violated Sections 1201(a)(1),

1. The Employees' case against the Association is also before this Court. *Case v. Hazelton*

*Area Educational Support Association (PSEA/NEA)*, 989 C.D.2006.

1201(a)(3), 1201(a)(5), 1201(a)(6), 1201(a)(7) and 1201(a)(9) of the Public Employe Relations Act (Act).[2]

By letter dated July 14, 2005, the Secretary of the PLRB informed the Employees that no complaint would issue:

> You fail, however, to allege any specific facts about the alleged violations. Additionally, *individual members* of a bargaining unit lack standing to pursue bargaining violations under Section 1201(a)(5) or (6), or meet and discuss obligations under Section 1201(a)(9) of PERA. . . .
>
> In addition, you allege that the District violated 1201(a)(3) of PERA by improperly discriminating against the employes for their participation in protected activities. However, in your specification of charges, you allege that the discriminatory motive was derived from the employes length of service and not their participation in protected activities.
>
> Finally, you allege the District violated Section 1201(a)(7) of PERA. This section provides that public employers are prohibited from 'violating any of the rules and regulations established by the board regulating the conduct of representation elections.['] However, you allege no facts to support this charge. Therefore, no complaint will be issued

based on these charges. (Citation omitted). (Emphasis added).

Letter from Patricia Crawford, Secretary, Pennsylvania Labor Relations Board, July 14, 2005, at 1; Reproduced Record (R.R.) at 29a.

The Employees filed exceptions with the PLRB and alleged that the Secretary's decision was invalid and unlawful and that the charges against the District and the Association should not have been bifurcated. The Employees also asserted that they set forth their charges with specificity in both unfair labor practices charge and in the complaint filed with the common pleas court, which was attached to the unfair labor practices charge.

On September 20, 2005, the PLRB dismissed the exceptions and adopted the Secretary's decision as absolute and final:

> In their exceptions to the Secretary's refusal to issue a complaint, Complainants [Employees] allege that the Secretary's decision is contrary to an April 27, 2005 decision and order of the Court of Common Pleas of Luzerne County. . . . Finally, Complainants [Employees] allege that, contrary to the Secretary's determination in the dismissal letter, the charges contained sufficient facts to support a cause of action under PERA [Act].

---

**2.** Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. § 1101.1201(a). Section 1201(a) provides in pertinent part:

(a) Public employers, their agents or representatives are prohibited from:
(1) Interfering, restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this act.
. . . .
(3) Discriminating in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any employe organization.
. . . .

(5) Refusing to bargain collectively in good faith with an employe representative which is the exclusive representative of employes in an appropriate unit, including but not limited to the discussing of grievances with the exclusive representative.
(6) Refusing to reduce a collective bargaining agreement to writing and sign such an agreement.
(7) Violating any of the rules and regulations established by the board regulating the conduct of representation elections.
. . . .
(9) Refusing to comply with the requirements of 'meet and discuss.'

The Common Pleas decision and order cited by the Complainants [Employees] holds that the Board possesses subject matter jurisdiction over their charges pursuant to *Segilia v. Riverside School Service Personnel Association*, 106 Pa. Cmwlth. 336, 526 A.2d 832 (1987). Segilia involved actions by members of bargaining units against their Union. *This case involves a charge of unfair practices filed by individual members of their bargaining unit against their employer. Therefore, Sigilia [sic] is immaterial to the issues raised by the Complainants' [Employees] charge against the District.*

. . . .

The Complainants [Employees] challenge the Secretary's determination that the charge failed to allege facts that state a cause of action. First, Section 1201(a)(5) and (6) of PERA [Act] expressly provides that the employer's obligation to bargain is only with the exclusive representative of the employes and not individual employes in the unit. Similarly, Section 1201(a)(9) of PERA [Act] provides that it is the certified representative of the employes, and not an individual member of a unit, that can allege a meet and discuss violation. . . . Therefore, the Complainants [Employees] lack standing to raise allegations under Section 1201(a)(5), (6) and (9) of PERA [Act], and any exceptions to the Secretary's dismissal of these charges is [sic] dismissed.

Second, Section 1201(a)(3) of PERA [Act] prohibits public employers from discriminating against its employes for purposes of encouraging or discouraging membership in any employe organization. . . . In its specification of charges, the Complainants [Employees] failed to allege any discrimination by the District. . . . Therefore, any exception to the Secretary's determination that the Complainants [Employees] failed to allege any facts to support this claim is dismissed.

Third, Section 1201(a)(7) of PERA [Act] provides that public employers are prohibited from 'violating any of the rules and regulations established by the board regulating the conduct of representation elections.' Since the Complainants [Employees] failed to allege that representation elections were at issue in this case, then, *a fortiori*, the Complainants [Employees] failed to allege that the District violated the Board's rules and regulations regarding such elections. Accordingly, any exception to the Secretary's determination that the Complainants [Employees] failed to allege any facts to support this claim is dismissed. (Footnote and citations omitted) (Emphasis added).

Final Order, Pennsylvania Labor Relations Board, September 20, 2005, at 3; R.R. at 37a.

The Employees appealed to the common pleas court which reversed and remanded to the PLRB. The common pleas court stated that the charges were within the jurisdiction of the PLRB and remanded for further proceedings. The PLRB appealed to this Court.

The PLRB contends that the common pleas court erred when it determined that the PLRB failed to issue a complaint based on the Employees' unfair labor practices charge against the District where the Employees lack standing, as a matter of law, to bring unfair labor practices charge against the District for bargaining violations and where the facts alleged, accepted as true, failed to support a cognizable claim for discrimination for protected activity or for the asserted bargaining relat-

ed causes of action.[3]

Initially, the PLRB contends that the Employees lacked standing to pursue violations of Section 1201(a)(1), (5), (6), or (9). The PLRB makes this claim on the basis that only a union and not individual members may bring an unfair labor practices charge.

In *Roderick v. Pennsylvania Labor Relations Board,* 86 Pa.Cmwlth. 278, 484 A.2d 841 (1984), this Court addressed the right of an individual member to request that the Secretary of the PLRB issue a complaint on charges of unfair labor practices. Robert M. Roderick and other Drug or Criminal Investigators for the Attorney General's Office (Roderick) filed grievances and alleged that they should have been placed in a higher job classification pursuant to Article 28 of the Collective Bargaining Agreement between the Commonwealth and Roderick's union, the American Federation of State County and Municipal Employees (Union). Following grievance arbitration, an award issued which recommended that the grievance be sustained because the duties, knowledge, skills, and abilities required for the position of Special Agent in the Bureau of Criminal Investigation and the Drug Investigator in the Bureau of Narcotics and Drug Control (Employer) were strikingly similar and the confidentiality and sensitivity required in each investigative matter must be judged on a case-by-case basis and recommended that Drug Investigator II in the Bureau of Narcotics and Drug Control be upgraded to Special Agent II. Employer declined to reclassify the position and the Union refused to enforce the award. Roderick filed unfair labor prac-

tices charges against the Employer and the Union. The Secretary of the PLRB declined to issue a complaint because Roderick lacked standing on the basis that Section 1201(a)(5) of the Act, 43 P.S. § 1101.1201(a)(5), "prohibits an employer from refusing to bargain collectively in good faith with the exclusive representative of employes. The obligation to bargain collectively exists only between the certified representative and the employer." Roderick filed exceptions.

The PLRB's final order directed the Secretary not to issue a complaint. Roderick petitioned for review with this Court. *Roderick,* 484 A.2d at 842–843.

This Court affirmed:

[T]he crucial question is whether petitioners have standing as individuals to bring these unfair practice charges to force the implementation of an arbitration decision when their union has refused to bring the action. In *McCluskey v. Department of Transportation,* ..., 37 Pa.Cmwlth.598, 391 A.2d 45 ([Pa. Cmwlth.] 1978), this court determined that an individual does not have the right to have his grievance arbitrated and that allowing this would seriously impair the process of collective bargaining between employers and unions.

Furthermore, in *Ziccardi v. Department of General Services, Bureau of Buildings and Grounds,* 500 Pa. 326, 456 A.2d 979 (1982) our Supreme Court found that a public employee, ex parte, did not have standing to enforce an agreement when the union refused to proceed to arbitration, and that the union has broad discretion in determining whether or not to pursue the remedy. Here the union

---

**3.** This Court's review is limited to a determination of whether the factual findings of the PLRB are supported by substantial evidence and whether its legal conclusions are reasonable, and not arbitrary, capricious or incor-

rect as a matter of law. *Gateway School District v. Pennsylvania Labor Relations Board,* 79 Pa.Cmwlth. 506, 470 A.2d 185 (1984).

pursued the grievance but the agreement clearly reserved the subject of classification, other than downgrading, for advisory, not binding arbitration.

We find that petitioners lack standing as individuals to force the implementation of an advisory arbitration award.

*Roderick,* 484 A.2d at 843–844.

■ Although *Roderick* involved grievance arbitration under a collective bargaining agreement, this Court has stated that the settlement of labor disputes through arbitration "is part and parcel of the collective bargaining process itself." *AFSCME, Council 88 v. City of Reading,* 130 Pa.Cmwlth. 575, 568 A.2d 1352, 1354 (1990), *quoting, United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 578, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). If employees do not have standing to have an unfair labor practices complaint lodged against an employer in a grievance arbitration setting which is part of a collective bargaining agreement, then clearly, individual employees do not have standing to seek to have an unfair labor practices complaint lodged against an employer for allegedly violating its bargaining duty.

■ Consequently, this Court must agree with the overwhelmingly persuasive position of the PLRB that the Employees lack standing to pursue any alleged unfair labor practices charge under Section 1201(a)(5), (6), and (9) of the Act which address collective bargaining.[4]

■ With respect to the discrimination claim alleged as a violation of Section 1201(a)(3), the PLRB concedes that the Employees do have standing to challenge the District's conduct and seek an unfair labor practices complaint. However, the PLRB asserts that the Employees failed to meet their burden of proof.

■ In an unfair labor practices charge, the complainant bears the burden of proof. In an allegation involving Section 1201(a)(3), the complainants must establish that the employer displayed anti-union animus. *Harbaugh v. Pennsylvania Labor Relations Board,* 107 Pa.Cmwlth. 406, 528 A.2d 1024 (1987). In *St. Joseph's Hospital v. Pennsylvania Labor Relations Board,* 473 Pa. 101, 373 A.2d 1069 (1977), two nurses who had been discharged had to establish that they engaged in union-organizing activities, their supervisor was aware of the union activities, and that this knowledge led to their discharge.

Here, this Court does not fathom how the District's acceptance of an offer made by the Association in the course of collective bargaining constituted anti-union animus. Further, the Employees make no suggestion that the acceptance of the offer would encourage or discourage membership in the union or that they were discriminated against on the basis of their union activities. This Court agrees with the PLRB that the Employees did not meet their burden.[5]

Accordingly, this Court reverses.

---

**4.** Section 1201(a)(9) of the Act, 43 P.S. § 1101.1201(a)(9), provides that an employer must "meet and discuss." Section 702 of the Act, 43 P.S. § 1101.702, provides that a public employer must meet and discuss on inherent management policy matters which affect "wages, hours, and terms and conditions of employment as well as the impact thereon upon request by public employe representatives."

**5.** This Court further agrees with the PLRB that the Employees failed to allege that the District violated any of the rules and regulations established by the PLRB regulating the conduct of representation elections (Section 1201(a)(7) of the Act, 43 P.S. § 1101.1201(a)(7)) or interfered, restrained or coerced the Employees with respect to their exercise of their rights guaranteed in Article IV of the Act, 43 P.S. § 1101.401, which

## ORDER

AND NOW, this 30th day of January, 2007, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is reversed.

authorizes employees to "organize, form, join or assist in employe organizations or to engage in lawful concerted activities for the purpose of collective bargaining or other mutual aid and protection or to bargain collectively through representatives of their own free choice ..." in violation of Section 1201(a)(1) of the Act, 43 P.S. § 1101.1201(a)(1).