GERARD GEORGEFF, Appellant, *v.*
SAHARA HOTEL, Respondent.

No. 17775

November 30, 1987                    745 P.2d 1142

*King, Clark, Gross & Sutcliff,* Las Vegas, for Appellant.

*Jerry Collier Lane,* Las Vegas, for Respondent.

## OPINION

By the Court, Springer, J.:

The district court reversed a department of administration appeals officer's decision and order awarding appellant Gerard

Georgeff permanent partial disability compensation. Because we believe that, under the circumstances of this case, the appeals officer did not exceed his jurisdiction, we reverse the district court order and reaffirm the appeals officer's award.

On June 16, 1985, Georgeff suffered an injury to his knee while working for the Sahara Hotel. After treatment by an orthopedist, Georgeff was released to return to work. On October 4, 1985, Georgeff, claiming permanent injury, made a request to the insurance administrator of his self-insured employer, Sahara Hotel, that he be rated for a permanent partial disability (PPD) award. Having only the treating orthopedist's report, which revealed no indication of a claimed permanent back injury, the administrator refused to order a PPD evaluation.

Nevada Administrative Code 616.5545[1] specifies that when a designated panel physician "has determined that a claimant is stable, stationary or ratable and information in the insurer's file on the claim indicates the probability that he has a ratable impairment," then the insurer must "comply with subsection 2 of NRS 616.605[2] by selecting a physician, from a panel designated by the administrator, to evaluate the claimant."

It is clear that on October 4, 1985, the date on which Georgeff demanded that his claimed disability be rated, no physician had, in accordance with NAC 616.5545, "determined that [the] claimant [was] stable, stationary, or ratable" nor was there any "information in the insurer's file on the claimant [which] indicat[ed] the probability that he [had] a ratable impairment." What information there was in the claimant's file showed that he was not

---

[1]NAC 616.5545 provides as follows:

1. When a physician appointed to the panel of physicians has determined that a claimant is stable, stationary or ratable and information in the insurer's file on the claimant indicates the probability that he has a ratable impairment, according to the American Medical Association's "Guides to the Evaluation of Permanent Impairment," the insurer shall comply with subsection 2 of NRS 616.605 by selecting a physician, from a panel designated by the administrator, to evaluate the claimant and determine the extent of any permanent impairment.

2. If the evaluating physician finds that the claimant has a ratable impairment, the insurer shall, within 30 days after the physician's evaluation, offer the claimant the award to which he is entitled.

[2]NRS 616.605(2) provides as follows:

2. The insurer shall select a physician from a group of rating physicians designated by the administrator, to determine the percentage of disability in accordance with the American Medical Association's Guides to the Evaluation to Permanent Impairment in the form most recently published and supplemented before January 1, 1985. The department may supplement this publication by adopting regulations for a supplemental guide.

permanently disabled; and certainly there was no medical determination that his condition was "stable, stationary or ratable."

On October 22, 1985, Georgeff appealed the insurer's refusal to "select" a physician to rate him for permanent impairment. While the appeal was pending, Georgeff went to a Dr. Vincent Cedarblade, who determined that Georgeff was in fact permanently impaired at the level of six percent permanent partial disability.

When the appeal reached the hearing stage before a department of administration hearing officer, the hearing officer accepted Dr. Cedarblade's report into evidence and in accordance with the requirements of NRS 616.605(2) ordered the insurer to select a physician for rating purposes as set out in the statute. The insurer complied and scheduled an examination with Dr. Richard Kudrewicz for January 14, 1986.

Rather than permit the rating process to be carried out in the manner established by the statute, Georgeff filed, on January 7, 1986, an appeal of the hearing officer's decision. No stated basis for appealing the hearing officer's decision appears in the record, but Georgeff apparently took the position that notwithstanding the language of NAC 616.5545, he has an absolute and unqualified right to require his insurer to select a rating physician even though, at the time of the request, there was no evidence of his being in a ratable condition.

After commencing the appeal process the claimant was examined by Dr. Kudrewicz. At the appeals officer's hearing, Dr. Kudrewicz's report was not offered by the insurer and the only evidence of impairment was Dr. Cedarblade's report. No request was made by the insurer for additional time within which it could present the Kudrewicz report, and the appeals officer's hearing resulted in a decision favoring Georgeff and awarding him a six percent PPD award, based entirely on Dr. Cedarblade's report.

The insurer takes the position that Dr. Cedarblade's report will not support a PPD award and that the district court was correct in invalidating the appeals officer's decision. The claimant adopts the appeals officer's conclusion that the insurer's failure to select a physician under NRS 616.605(2) "within a reasonable period of time" suspends the statutory scheme delineated in NRS 616.605 and gives to the claimant (as stated in the appeals officer's decision) the "prerogative to seek an independent assessment" of disability.

With respect to the claimant's position, it is clear that neither this claimant, nor any claimant, has the absolute right to a PPD evaluation. If this were the case, a claimant could demand that the insurer "select" a physician to rate him or her long before the

rating process became reasonable and certainly before there was a physician's determination of stability.[3]

As indicated above, the insurer in this case did not act improperly in refusing, at the time it did, to select a physician for rating purposes. If the insurer had information indicating the "probability that [Georgeff] ha[d] a ratable impairment," (NAC 616.5545) and had, nonetheless, refused to select a rating physician, then a variety of compulsions and sanctions might have been invoked.[4]

Although the claimant's position is incorrect, as are the reasons in support of the claimant's position given by the appeals officer, we do not think that, under the circumstances, the appeals officer's PPD award in the amount of six percent on a body basis should be set aside by the district court.

The district court's decision to invalidate the appeals officer's decision is based on its conclusion that the appeals officer could make a PPD award only on the basis of a rating conducted by a physician selected by the insurer in the manner stated in NRS 616.605(2). At first blush one would conclude that a PPD rating should not be upheld without the rating process having been

---

[3]A claimant has other remedies in a case where an insurer refuses to determine if a claimant's condition is stable or ratable. These are clearly defined under NRS 616.5416(2). NRS 616.5416(2) provides:

> 2. If necessary to resolve a medical question concerning an injured · employee's condition, the hearing officer may refer the employee to a physician or chiropractor chosen by the hearing officer. If the medical question concerns the rating of a permanent disability, the hearing officer may refer the employee to a physician or chiropractor designated by the administrator. The insurer shall pay the costs of any medical examination requested by the hearing officer.

In 1987, subsection three was added to NRS 616.5426 granting the same power to the appeals officer.

[4]Had the insurer's refusal to select a physician been arbitrary or improper, thereby requiring the claimant to incur unnecessary medical expenses, the hearing officer could have acted in the same manner as he did here and, in addition, compelled the insurer to "pay the costs of any medical examination requested by the hearing officer." NRS 616.5416(2). Further, the insurer may be fined and/or prosecuted for failing to provide and secure compensation for an employee. NRS 616.630(1) and (2) provides:

> 1. If any employer within the provisions of NRS 616.285 fails to provide and secure compensation under the terms of this chapter, he shall be fined not more than $500 for each offense.
> 2. If the administrator or interested employee complains to the district attorney of any county that an employer in his county has violated the provision of this section, the district attorney shall investigate the complaint. If, after investigation, he finds that the complaint is well founded, he shall prosecute the employer for the offense.

conducted by a physician "selected" by the insurer in the manner set out in NRS 616.605(2). Under the circumstances of this case, however, where the processes of appeal and judicial review have been completed, it seems idle to start all over again when we see that the appeals officer had before him the report and recommendation of officially designated rating physician Cedarblade and when no request was made by the insurer to continue the appeals hearing until the report of "selected" physician Kudrewicz became available. Further we note that the Kudrewicz report is not part of this record and that, more significantly, the insurer has never taken the position that it was in any way prejudiced by the absence of evidence from Dr. Kudrewicz. If the insurer were now before us asserting that a considered review of Dr. Kudrewicz's opinion might well result in denial of the award, we might be inclined to look more carefully at the insurer's position, but this is not the case.

In sum, we have here a decision of an administrative appeals officer "who has the ultimate right to determine facts *de novo.*" Imperial Palace v. Dawson, 102 Nev. 88, 715 P.2d 1318 (1986). The only evidence of disability was that of Dr. Cedarblade, a certified and qualified rating physician. No request was made by the insurer to postpone the hearing or defer the decision until the report of selected physician Kudrewicz was available. Under these circumstances we cannot hold that the appeals officer lacked the power to make a final decision on the issue before him. Although we hold that the statutory selective procedure set out in NRS 616.605(2) must be followed, we will not allow judicial intervention under the narrow circumstances of this case where the award is fully supported by the opinion of a designated rating physician and where the responsibility for failure to receive the input of a selected physician must be borne by the opponent, the insurer Sahara, in this case.

The judgment of the district court is reversed, and the decision and award of the appeals officer is reinstated.

GUNDERSON, C. J., and STEFFEN, YOUNG, and MOWBRAY, JJ., concur.