SOUTHWEST GAS CORPORATION, Appellant, *v.* BRUCE WOODS; AND THE APPEALS OFFICE OF THE HEARINGS DIVISION OF THE DEPARTMENT OF ADMINISTRATION, Respondents.

No. 21889

January 2, 1992                                    823 P.2d 288

*Jerry Collier Lane*, Las Vegas, for Appellant.

*Raymond Badger*, Carson City, for Respondents.

## OPINION

*Per Curiam:*

The sole issue on appeal is whether an appeals officer, acting prior to July 5, 1991, abused his discretionary authority, as provided in NRS 616.5426(3) of the Nevada Industrial Insurance Act, in choosing to accept substantive testimony from a certified rating physician selected by a claimant.[1] We conclude that he did not.

### THE FACTS

On January 31, 1989, Bruce Lee Woods ("Woods") injured his lower back on the job while he was employed by Southwest Gas Corporation ("Southwest Gas"). Following the incident, Southwest Gas referred Woods to David Toeller, D.O., a certified rating physician ("rating physician"),[2] to obtain a permanent partial disability ("PPD") evaluation, pursuant to NRS 616.605(2).[3] Based on Dr. Toeller's recommendation, Southwest Gas offered Woods a three percent PPD award.

Woods subsequently sought a opinion from John M. Knutson, M.D., another rating physician. Dr. Knutson determined that

---

[1]The Nevada Legislature recently amended the Nevada Industrial Insurance Act to allow for claimants to choose their own rating physician to rebut the PPD award provided by the insurer's rating physician, *See* S.B. 7, 65th Sess., § 37, Journal of the Senate ...... (July 5, 1991).

[2]"Rating physician" refers to physicians certified by the Administrator of the Department of Industrial Insurance Relations Act to evaluate injuries and offer opinions regarding the allowable percentage of PPD, pursuant to NRS 616.605(2).

[3]NRS 616.605(2) provides in pertinent part as follows:

The insurer shall select a physician from a group of rating physicians designated by the administrator, to determine the percentage of disability in accordance with the American Medical Association's Guides to the Evaluation of Permanent Impairment in the form most recently published and supplemented before January 1, 1985.

Woods' injuries were more severe and that his PPD award should be fourteen percent. Shortly thereafter, Woods sought administrative review of a hearing officer, pursuant to NRS 616.5414.[4] The hearing officer determined that Dr. Knutson's evaluation was not legally probative. Consequently, Dr. Knutson's recommendation was not considered and the hearing officer affirmed the three percent PPD award. Woods then made one final administrative appeal, as provided under NRS 616.5422(1).[5]

Prior to his hearing before the appeals officer, Woods obtained a third evaluation from another rating physician, James B. Golden, M.D., who recommended an eighteen percent PPD award. The appeals officer admitted the evidence of all three rating physicians.[6] Dr. Golden was the only physician to testify before the appeals officer. Dr. Golden testified, inter alia, that Woods' spine had a deranged disc at L5-S1, which was worth seven percent PPD. Dr. Golden's testimony was uncontroverted.

The appeals officer subsequently determined that Woods' PPD award should be modified, because Dr. Golden "persuasively established" that Dr. Toeller "did not recognize that [Woods'] symptoms and signs were consistent with the distribution of the S1 nerve." Consequently, the appeals officer added the additional seven percent PPD identified by Dr. Golden to Woods' previous three percent award for a total PPD award of ten percent. Dr. Toeller's evaluation was upheld in all other respects.

Southwest Gas sought judicial review from the district court on the grounds that the appeals officer's decision was improperly influenced by Dr. Golden's testimony. On December 29, 1990, the district court entered an order affirming the appeals officer's decision. In so doing, the district court found that "an Appeals Officer can properly rely upon the opinion of a certified rating physician selected by a claimant in determining the proper percentage of PPD." We agree.

---

[4]NRS 616.5414 provides as follows:

> Contested claims: Employee of self-insurer may request hearing. If an employee of a self-insured employer is dissatisfied with a decision of his employer, he may request a hearing before the hearing officer.

[5]NRS 616.5422(1) provides as follows:

> Any party aggrieved by a decision of the hearing officer relating to a claim for compensation may appeal from the decision by filing a notice of appeal with an appeals officer within 60 days after the date of the decision.

[6]Southwest Gas had filed a motion in limine to prevent the reports of Dr. Knutson and Dr. Golden from being considered except for "the limited purpose of attacking the validity" of Dr. Toeller's evaluation. The motion was denied.

## DISCUSSION

The issue of this case was substantially decided in Georgeff v. Sahara Hotel, 103 Nev. 485, 745 P.2d 1142 (1987). There, we held that an appeals officer renders the final administrative decision on all questions of fact, including the proper percentage of PPD. *Id.* at 489, 745 P.2d at 1144. In *Georgeff,* the claimant selected his own rating physician and we upheld the appeals officer's decision to accept the rating physician's testimony as substantive evidence. *Georgeff,* 103 Nev. at 489, 745 P.2d at 1145.

Southwest Gas argues that "no provision in the Nevada Industrial Insurance Act . . . authorize[s] a claimant to select his own rating physician." However, NRS 616.5426(3) provides an appeals officer with broad discretion to select another rating physician if he feels doing so "would resolve a medical question concerning an injured employee's condition." We see nothing wrong with the appeals officer's decision to accept Dr. Golden's substantive testimony since he had the authority to send Woods to Dr. Golden for an evaluation anyway. Here, it is reasonable to conclude that the power of choice includes the power of ratification. It would be a meaningless exercise for us to require the appeals officer to refer Woods to a rating physician of his choice if he was satisfied with Dr. Golden's testimony.

The Administrative Procedure Act requires that all parties be provided the opportunity "to respond and present evidence and argument on all issues involved." NRS 233B.121(4). Appeals officers are given quasi-judicial powers to the extent necessary to execute their duties, pursuant to NRS 616.542, which include accepting and evaluating evidence, and entering final administrative decisions in accordance therewith. *See* Nevada Industrial Comm'n v. Reese, 93 Nev. 115, 120-21, 560 P.2d 1352, 1359 (1977) (citing Ormsby County v. Kearney, 37 Nev. 314, 346, 142 P. 803, 808 (1914); Humboldt Land & Cattle Co. v. Sixth Judicial Dist. Court, 47 Nev. 396, 224 P. 612 (1924)). Nevada law also provides: "Each party may call and examine witnesses . . . on any matter relevant to the issues . . . and rebut the evidence against him." NRS 233B.123(4).

We have previously held:

> It has been a long-standing policy of this Court to liberally construe such laws to protect injured workers and their families. Unquestionably, compensation laws were enacted as a humanitarian measure. The modern trend is to construe the industrial insurance acts broadly and liberally, to protect

the interest of the injured worker and his dependents. A reasonable, liberal and practical construction is preferable to a narrow one, since these acts are enacted for the purpose of giving compensation, not for the denial thereof.

Dep't Ind. Relations v. Circus Circus, 101 Nev. 405, 411, 705 P.2d 645, 649 (1985) (quoting Hansen v. Harrah's, 100 Nev. 60, 63, 675 P.2d 394, 396 (1984), quoting Industrial Commission v. Peck, 69 Nev. 1, 10-11, 239 P.2d 244, 248 (1952)). Therefore, although the Nevada Industrial Insurance Act, prior to July 5, 1991, did not specifically provide claimants with authority to select a rating physician, we will not construe that to mean that claimants were specifically prohibited from doing so. NRS 616.5426(2) requires an appeals officer to "hear any matter raised before him on its merits, including new evidence bearing on the matter." We read this to include the acceptance of substantive testimony of a rating physician selected by the claimant.

Administrative agencies may receive and weigh evidence and a reviewing court may not substitute its judgment on questions of fact. NRS 233B.135(3). The findings of the appeals officer will not be set aside absent a showing that they are against the manifest weight of the evidence. *See* Nevada Indus. Comm'n v. Hildebrand, 100 Nev. 47, 51, 675 P.2d 401, 404 (1984) (citing Interlake Steel Corp. v. Industrial Comm'n, 326 N.E.2d 744, 747 (Ill. 1975)). We conclude that the district court was correct in upholding Woods' ten percent PPD award.

Accordingly, we affirm the district court.