ROSALIE MAXWELL, Appellant, *v.* STATE INDUS-
TRIAL INSURANCE SYSTEM, an Agency of the
State of Nevada, and GREYHOUND EXPOSITION
SERVICES, INC., Respondents.

No. 23186

March 24, 1993                                    849 P.2d 267

*Nancyann Leeder,* General Counsel, Nevada Attorney for
Injured Workers, and *Gary T. Watson,* Deputy, Carson City, for
Appellant.

*R. Scott Young,* General Counsel, and *William A. Zeigler* and
*Robert P. Bettinger,* Associate General Counsel, Carson City, for
Respondent SIIS.

*J. Michael McGroarty,* Las Vegas, for Respondent Greyhound.

## OPINION

By the Court, ROSE, C. J.:

While employed by Greyhound Exposition Services (Greyhound), appellant Rosalie Maxwell (Maxwell) fell and suffered serious injuries. After respondent State Industrial Insurance System (SIIS) offered a permanent partial disability award of fifteen percent, the appeals officer directed SIIS to offer Maxwell an award of twenty percent. The appeals officer's recommendation of awards for lower back impairment and psychological impairment accounted for the five percent difference. The district court reversed the decision of the appeals officer, finding that NRS 616.605(3) precludes a permanent partial disability award for psychological impairment, and finding there was insufficient evidence before the appeals officer to support the award for lower back impairment. We affirm the district court's reversal of the award for psychological impairment, as NRS 616.605(3) clearly and explicitly limits permanent partial disability awards to physical impairment, but we reverse the district court's reversal of the award for lower back impairment, and we remand to the district court with instructions to remand to the appeals officer for a proper determination of Maxwell's whole person permanent partial disability award.

### Facts

While employed by Greyhound, Maxwell fell fourteen to twenty feet from a scaffolding device and landed on her face. She suffered serious physical injuries, which required numerous sur-

geries. Following the accident, Maxwell also suffered from depression and other psychological conditions attributable to the accident.

Maxwell filed an industrial accident claim with SIIS for injuries suffered from her fall. SIIS offered Maxwell a permanent partial disability award of fifteen percent. After an appeal to the hearing officer, the appeals officer reversed the fifteen percent award and directed SIIS to offer Maxwell permanent partial disability of twenty percent. The decision of the appeals officer was based primarily on the recommendations of two SIIS rating physicians, Drs. Molzen and Kudrewicz, whose independent rating reports recommended a twenty percent whole body impairment based upon Maxwell's facial disfigurement, lower back impairment, and psychological impairment.

On appeal, the district court reversed the decision of the appeals officer, finding that NRS 616.605(3) precludes a permanent partial disability award for psychological impairment and finding there was insufficient evidence before the appeals officer to support the award for lower back impairment. The district court remanded the case with instructions to offer Maxwell the fifteen percent permanent partial disability award originally offered.

*Psychological Impairment*

The district court construed NRS 616.605(3) to preclude a permanent partial disability award for psychological impairment resulting from an industrial accident, and we agree. NRS 616.605(3) provides:

> No factors other than the degree of *physical impairment* of the whole man may be considered in calculating the entitlement to compensation for a permanent partial disability.

(Emphasis added.) The district court found "that the word 'psychological' is not included within the term 'physical' as used in this statute," and it further found that "SIIS may not pay an award for psychological impairment."

Maxwell contends that the district court gave NRS 616.605(3) an unduly narrow construction in limiting permanent partial disability awards exclusively to physical impairments. Maxwell asserts that, where a physical impairment is coupled with a psychological impairment, both injuries should be compensable.

The construction of a statute is a question of law, and independent appellate review of an administrative ruling, rather than a more deferential standard of review, is appropriate. Nyberg v. Nev. Indus. Comm'n, 100 Nev. 322, 324, 683 P.2d 3, 4 (1984); American Int'l Vacations v. MacBride, 99 Nev. 324, 326, 661

P.2d 1301, 1302 (1983). Where the language of the statute is plain and unambiguous, such that the legislative intent is clear, a court should not "add to or alter [the language] to accomplish a purpose not on the face of the statute or apparent from permissible extrinsic aids such as legislative history or committee reports." Cirac v. Lander County, 95 Nev. 723, 729, 602 P.2d 1012, 1016 (1979). "We are not empowered to go beyond the face of a statute to lend it a construction contrary to its clear meaning." Union Plaza Hotel v. Jackson, 101 Nev. 733, 736, 709 P.2d 1020, 1022 (1985). While worker's compensation statutes must be liberally construed to protect the worker, Southwest Gas v. Woods, 108 Nev. 11, 14-15, 823 P.2d 288, 290 (1992), such a rule "cannot justify the inclusion in a statutory scheme of a substantive right that cannot be supported by any fair reading of the statutory scheme." Weaver v. SIIS, 104 Nev. 305, 306, 756 P.2d 1195, 1196 (1988).

We conclude the language of NRS 616.605(3) is clear and unambiguous, and we hold that the legislature has specifically precluded permanent partial disability awards for psychological impairment. Maxwell contends, however, that NRS 616.605(3) must be construed in conjunction with NRS 616.605(2), rather than in isolation, and that, when this is done, the meaning of NRS 616.605(3) becomes ambiguous. See Acklin v. McCarthy, 96 Nev. 520, 523, 612 P.2d 219, 220 (1980) (statute should be interpreted according to the entire statutory scheme of the act). NRS 616.605(2) provides, in part:

> The insurer shall select a physician or chiropractor from a group of rating physicians and chiropractors designated by the administrator, to determine the percentage of disability in accordance with the American Medical Association's Guides to the Evaluation of Permanent Impairment.

Chapter 12 of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides), entitled "Mental and Behavioral Disorders," provides a system for rating psychological and other non-physical impairments for purposes of making permanent partial disability awards. American Medical Association, Guides to the Evaluation of Permanent Impairment 215 (2d ed. 1984). However, rules of statutory construction provide that "a specific statute takes precedence over a general statute." SIIS v. Surman, 103 Nev. 366, 368, 741 P.2d 1357, 1359 (1987). We conclude that the AMA Guides do not defeat the clear import of NRS 616.605(3). We cannot assume that, by designating the AMA Guides as the standard by which claimants are to be evaluated, the legislature intended a small section of the

AMA Guides to take precedence over the express provisions of NRS 616.605(3).

The language of NRS 616.605(3) is too clear and explicit to interpret in any manner other than according to its plain meaning. We hold that the language of NRS 616.605(3) limiting permanent partial disability awards to awards for "physical impairment" precludes the award of compensation for psychological conditions resulting from an industrial accident, including Maxwell's resulting depression. While we realize that psychological impairment can be just as debilitating as any physical malady, NRS 616.605(3) represents a clear legislative mandate restricting permanent partial disability awards to physical injuries. We accept that mandate, and we decline to construe NRS 616.605 in a manner which distorts the legislature's will.

*Lower Back Impairment*

In Southwest Gas v. Woods, 108 Nev. 11, 823 P.2d 288 (1992), we stated that "an appeals officer renders the final administrative decision on all questions of fact, including the proper percentage of PPD [permanent partial disability]." *Id.* at 14, 823 P.2d at 290 (citation omitted). We further stated: "Administrative agencies may receive and weigh evidence and a reviewing court may not substitute its judgment on questions of fact. The findings of the appeals officer will not be set aside absent a showing that they are against the manifest weight of the evidence." *Id.* at 15, 823 P.2d at 290 (citation omitted). Review of an appeals officer's decision is limited to determining whether there was substantial evidence in the record to support the appeals officer's decision. SIIS v. Christensen, 106 Nev. 85, 87-88, 787 P.2d 408, 409 (1990). Substantial evidence is "that quantity and quality of evidence which a reasonable man could accept as adequate to support a conclusion." State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 608 n.1, 729 P.2d 497, 498 n.1 (1986) (quoting Robertson Transp. Co. v. P.S.C., 159 N.W.2d 636, 638 (Wis. 1968)). Neither this court nor the district court may substitute its judgment for that of the appeals officer as to the weight of the evidence on questions of fact, and the decision of the appeals officer may only be reversed if it is clearly erroneous or arbitrary and capricious. *Christensen,* 106 Nev. at 87, 787 P.2d at 409.

The district court reversed the appeals officer's award for lower back impairment because the district court found Maxwell had a pre-existing degenerative arthritic lower back condition, and Maxwell failed to show any injury caused or exacerbated by her industrial accident. Maxwell contends there was sufficient evidence to support the appeals officer's award for lower back

impairment, and therefore the district court erred in reversing the appeals officer's decision. In SIIS v. Khweiss, 108 Nev. 123, 825 P.2d 218 (1992), we stated:

> The claimant has the burden of showing that the claimed disability or condition was in fact caused or triggered or contributed to by the industrial injury and not merely the result of the natural progression of [a] preexisting disease or condition.

*Id.* at 126, 825 P.2d 220 (quoting State Industrial Insurance System v. Kelly, 99 Nev. 774, 775-76, 671 P.2d 29, 30 (1983)).

Two non-rating physicians, Drs. Brandner and Nogueira, diagnosed Maxwell as suffering from chronic lumbosacral strain. Both of these physicians linked the lumbosacral strain to Maxwell's industrial accident, although each recognized that Maxwell also suffered from an unrelated, pre-existing degenerative arthritic condition in her lower back. Upon examining Maxwell for purposes of rating her permanent partial disability, Dr. Molzen recommended awarding Maxwell a three percent whole person impairment for her lower back injury. This recommendation was based on Maxwell's loss of strength in her lower back, which Dr. Molzen found to be causally related to the industrial accident. Dr. Kudrewicz recommended awarding Maxwell a one percent whole body impairment based upon a loss of range of motion in her lumbosacral spine. Dr. Kudrewicz diagnosed Maxwell's lower back condition as mild chronic lumbosacral strain and found it was caused by the industrial accident.

There was abundant evidence before the appeals officer that Maxwell's lower back impairment resulted from her industrial accident. Maxwell's permanent partial disability award for lower back impairment was predicated on her lumbosacral strain, a distinct and separable condition from the pre-existing degenerative arthritic condition in her back. We conclude the district court erred in reversing the appeals officer's award of permanent partial disability for impairment to Maxwell's lower back.

Accordingly, we affirm the district court's reversal of the appeals officer's award for psychological impairment. However, we reverse the district court's reversal of the appeals officer's award for lower back impairment. We remand this case to the district court with instructions to remand to the appeals officer to ascertain the proper whole person permanent partial disability award by taking into consideration only Maxwell's facial disfigurement and lower back impairment.[1]

STEFFEN, YOUNG and SPRINGER, JJ., concur.

---

[1]THE HONORABLE MIRIAM SHEARING, Justice, did not participate in the decision of this appeal.