An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

BALLY TECHNOLOGIES; AND
NEVADA RESTAURANT SELF-
INSURED GROUP,
Appellants,
vs.
ERROL SLOAN,
Respondent.

No. 57855

**FILED**

JUL 2 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Second Judicial District Court, Washoe County; Steven P. Elliott, Judge.

### BACKGROUND

Respondent Errol Sloan worked for appellant Bally Technologies as a slot machine installation technician. While at work, Sloan allegedly injured his back when unloading equipment from a truck. Sloan received conservative pain treatment for a back strain from his primary care physician. Almost one month later, Sloan sought additional treatment for his back pain, and the doctor discovered a paraspinal abscess in Sloan's lower back. At that time, a urine test also revealed that Sloan had a urinary tract infection consisting of the same type of bacteria that was found in the paraspinal abscess. Sloan then completed the C-4 form and injury report required to seek workers' compensation benefits. He also had surgery to remove the abscess and was later released to full-duty work without restrictions.

Bally Technologies' insurer, appellant Nevada Restaurant Self-Insured Group, denied Sloan's claim based on untimely reporting of his injury and a lack of evidence that his injury was industrial. A hearing

13-21730

officer affirmed that decision, determining that Sloan had failed to establish that his condition arose out of and in the course of his employment. On administrative appeal from that determination, the appeals officer found that there was no medical opinion addressing any causal relationship between the ultimate diagnosis of a paraspinal abscess and the back injury that Sloan had sustained at work. The appeals officer thus determined that a medical question existed as to the medical probability that a back injury could result in the paraspinal abscess and directed the parties to provide additional medical reporting. Sloan was subsequently evaluated by two physicians. Dr. Steven Parker opined that the muscle strain in Sloan's back resulted in a localized hematoma, which provided "fertile soil" that became infected and developed into an abscess. Dr. Charles Krasner provided his opinion that Sloan's urinary tract infection had developed before his back strain and that, while a back strain in itself should not result in an epidural abscess, the injury had increased the risk of spinal infection and the urinary tract infection led to the development of the abscess.

The appeals officer entered a decision and order reversing the hearing officer and ordering the acceptance of the claim, concluding that the medical reporting was credible and that the nonindustrial infection "accelerated" to the back "as a result of the hematoma" caused by the back injury at work. Bally Technologies filed a petition for judicial review, which the district court denied. This appeal followed.

## DISCUSSION

This court reviews an appeals officer's decision in a workers' compensation matter for clear error or abuse of discretion. NRS 233B.135(3); *Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557, 188 P.3d

1084, 1087 (2008). Judicial review is confined to the record before the appeals officer, and on issues of fact and fact-based conclusions of law, the appeals officer's decision will not be disturbed if it is supported by substantial evidence. *Vredenburg*, 124 Nev. at 557, 188 P.3d at 1087-88; *Grover C. Dils Med. Ctr. v. Menditto*, 121 Nev. 278, 283, 112 P.3d 1093, 1097 (2005). An appeals officer's determinations on pure issues of law, however, are reviewed de novo. *Roberts v. State Indus. Ins. Sys.*, 114 Nev. 364, 367, 956 P.2d 790, 792 (1998).

When an employee suffers an industrial injury that aggravates, precipitates, or accelerates a preexisting nonindustrial condition, the compensability of that employee's workers' compensation claim depends on the insurer's ability to prove that the work injury is not a substantial contributing cause of the employee's condition. *See* NRS 616C.150; NRS 616C.175(1); *see also Ross v. Reno Hilton*, 113 Nev. 228, 229, 931 P.2d 1366, 1367 (1997). Here, the appeals officer determined that Sloan's urinary tract infection was a preexisting condition that was accelerated by the back injury Sloan sustained while at work. This determination is supported by substantial evidence in the record, particularly by the reports of Drs. Parker and Krasner. *See Vredenburg*, 124 Nev. at 557 n.4, 188 P.3d at 1087 n.4 ("Substantial evidence is evidence that a reasonable person could accept as adequately supporting a conclusion."); *Langman v. Nev. Adm'rs, Inc.*, 114 Nev. 203, 209-10, 955 P.2d 188, 192 (1998) (providing that this court will not substitute its judgment regarding the weight or credibility given to evidence). Appellants argue on appeal that there is no evidence that the paraspinal abscess and resulting surgery was a foreseeable consequence of the back strain injury or that the back strain was the "direct cause" of the abscess.

But they do not cogently argue that the back strain was not a *substantial contributing cause* of the paraspinal abscess, and it is not clear how the record would support such an argument. *See* NRS 616C.175(1) (explaining that when an industrial injury aggravates, precipitates, or accelerates a preexisting nonindustrial condition, the injury is compensable "unless the insurer can prove by a preponderance of the evidence that the [industrial] injury is not a substantial contributing cause of the resulting condition"). Thus, we conclude that the appeals officer did not abuse her discretion or commit an error of law when she determined that Sloan's claim should be accepted.

Appellants further argue that the appeals officer improperly shifted the burden to them when she determined a medical question existed and directed the parties to provide additional medical reporting. But substantial evidence in the record supports the appeals officer's determination that Sloan suffered an injury to his back while at work, and that he later had surgery to remove a paraspinal abscess that significantly improved his back condition. Based on these factual findings, it was not a clear error or an abuse of discretion for the appeals officer to conclude that a medical question arose as to whether a causal relationship existed between the back injury and the paraspinal abscess. *See* NRS 233B.135(3); *Maxwell v. State Indus. Ins. Sys.*, 109 Nev. 327, 331, 849 P.2d 267, 271 (1993) (explaining that this court may not substitute its judgment for that of the appeals officer as to the weight of the evidence on questions of fact). As the appeals officer has authority to order an independent medical examination, paid for by the insurer, if necessary to resolve a medical question regarding the injured employee's condition in a contested claim, *see* NRS 616C.330(3), we conclude that the appeals officer

Supreme Court
OF
Nevada

(O) 1947A

4

had authority to direct the parties to provide additional medical evidence so as to resolve the medical question regarding Sloan's condition, and thus, did not abuse her discretion. Accordingly, we affirm the district court's order denying judicial review.

It is so ORDERED.

_____ , J.
Hardesty

_____ , J.
Parraguirre

_____ , J.
Cherry

cc:    Second Judicial District Court Dept. 10
Nicholas F. Frey, Settlement Judge
Thorndal Armstrong Delk Balkenbush & Eisinger/Reno
Arnold Brock, Jr.
Washoe District Court Clerk