139 Nev., Advance Opinion 7

## IN THE COURT OF APPEALS OF THE STATE OF NEVADA

BRETT GILMAN,
Appellant,
vs.
CLARK COUNTY SCHOOL DISTRICT;
AND SIERRA NEVADA
ADMINISTRATORS,
Respondents.

No. 84703-COA



FILED

MAR 16 2023

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a petition for judicial review of an appeals officer's decision in a workers' compensation matter. Eighth Judicial District Court, Clark County; James M. Bixler, Senior Judge.

*Reversed and remanded.*

Bertoldo Baker Carter Smith & Cullen and Javier A. Arguello, Las Vegas, for Appellant.

Gilson Daub, LLP, and Matthew W. Smith and Jennifer Santana, Las Vegas, for Respondents.

BEFORE THE COURT OF APPEALS, GIBBONS, C.J., and BULLA and WESTBROOK, JJ.

### OPINION

By the Court, BULLA, J.:

In this opinion, we consider the purpose and application of NRS 616C.065(7) in granting or denying the reopening of an industrial claim. That subsection places the onus on the workers' compensation insurer to expressly indicate acceptance or denial of coverage for a body part or condition, usually set forth in its notice of claim acceptance. In the absence

of such indication, the statute provides that the insurer has neither accepted nor denied coverage for that body part or condition. The legislative purpose behind enacting this provision was to end the practice whereby an insurer would accept an industrial claim but restrict its acceptance to a certain body part or condition and then later use that restriction as a sword to deny coverage for other injuries arising out of the same industrial accident.

In this case, the insurer's acceptance of coverage was restricted to the claimant's cervical strain and thoracic sprain "only," but the insurer did not expressly deny coverage for treatment to the claimant's lumber spine. Therefore, the claimant was not required to appeal from either the determination of claim acceptance or claim closure to preserve his right to seek the reopening of his industrial claim under NRS 616C.390 for treatment to his lumbar spine.

### FACTS AND PROCEDURAL HISTORY

In 2019, appellant Brett Gilman, an English teacher with respondent Clark County School District, sustained injuries while diverting a student altercation. According to the information Gilman provided in his Incident Report/Form C-1, "Student was fleeing Administration, [r]unning at breakneck speed. I stopped the student, by the straps of the backpack. They threw a trash can between us to avoid capture, causing me to slip [and] fall." Gilman reported his injuries as being "multiple" but "unknown" at the time he completed the incident report. Soon after, Gilman requested workers' compensation from the school district's industrial insurer, respondent Sierra Nevada Administrators (Sierra), for injuries related to his "neck" and "back." Several days later, Gilman was evaluated at Concentra Medical Center, which diagnosed cervical strain and thoracic sprain. Gilman's treatment records from Concentra did not mention any injury to his lumbar spine. Gilman was advised to return to full work and activity and referred for

physical therapy. The physical therapy records support that Gilman complained of "low back pain," and his rehabilitation goals were to decrease neck and back pain.

Gilman's injuries reportedly continued to improve. Meanwhile, Sierra advised Gilman in a notice of claim acceptance that it would be accepting his industrial insurance claim for "Cervical Strain (Only) [and] Thoracic Sprain (Only)." Sierra did not mention the lumbar spine in its claim acceptance letter, and it did not issue either a written acceptance or a written denial for treatment to the lumbar spine. Gilman did not appeal this determination. A few months later, Sierra notified Gilman that all workers' compensation benefits had been paid and that his claim was being closed without an award of permanent partial disability (PPD). Gilman did not appeal this determination either, and his claim was closed.

Almost immediately after the closure of his claim, Gilman began experiencing significant low back or lumbar pain, for which he sought treatment. X-rays of Gilman's spine revealed degenerative disc disease. In early 2020, well within one year of the closure of his workers' compensation claim, Gilman requested that his claim be reopened for further evaluation and treatment of injuries to his lumbar spine.[1] Sierra denied Gilman's

---

[1]Although Gilman had initially also requested reopening of the claim for treatment to his cervical, thoracic, *and* lumbar spine, he testified at the hearing before the appeals officer that he was only seeking to reopen his industrial claim to cover treatment to his lumbar spine and not for any further treatment related to the cervical and thoracic spine. However, on appeal, Gilman appears to assert that he is moving to reopen the entirety of his claim, contrary to both his testimony before the appeals officer and the record. For purposes of this appeal, we focus on Gilman's request to reopen his industrial claim as it relates to the lumbar spine. On remand, the appeals officer should confirm the scope of the claim Gilman is seeking to reopen.

request because the lumbar spine was not a body part covered by the initial acceptance of his claim. Gilman timely appealed Sierra's decision to a hearing officer.

Before a decision was rendered, an MRI revealed that Gilman had advanced degenerative disease of the spine with lumbar disc herniations. Dr. Firooz Mashood opined that the disc herniations were not present prior to the industrial injury and recommended that, "given the worsening of patient's symptomatology, physical examination findings and MRI study findings[,] . . . his case be reopened for further diagnostic workup and treatment not limited to repeat MRI study of the lumbar spine and/or referral to a spine orthopedic surgeon." Dr. Daniel Lee, the orthopedic surgeon to whom Gilman was referred, noted disc herniations at L4-5 and L5-S1, which he classified as being slightly worse, presumedly in comparison to a prior study not clearly identified in the record.

The hearing officer issued two orders affirming Sierra's decision to deny Gilman's request to reopen his claim. The hearing officer's first decision and order identified the issue as an appeal from a "denial of treatment" and affirmed Sierra's denial of additional medical treatment based on the claim being closed. The hearing officer's second decision and order identified the issue as an appeal from a "de facto denial" and a request for claim reopening. In this second decision, the hearing officer denied reopening because "the [workers'] compensation claim was accepted for the cervical strain and thoracic sprain only." After reviewing Dr. Mashood's consultation report, the hearing officer concluded that, "[a]s Dr. Mashood is recommending reopening for lumbar spine treatment that is not included in the original claim, [Sierra's] de facto denial of the reopening request is proper

and is hereby **AFFIRMED**." Gilman timely administratively appealed the hearing officer's decision.

While the matter was pending, Gilman continued to experience low back pain and underwent selective nerve root blocks, which provided some relief. Dr. Lee eventually diagnosed Gilman as having a lumbar disc herniation with radiculopathy, noting that Gilman had "worsening foot drop on the left [and] progressive weakness." Consequently, Dr. Lee performed a posterior lumbar decompression and fusion surgery at L4-S1. Subsequently, Dr. Mashood concluded that "Gilman's cervical, thoracic and lumbar have worsened and the need of additional medical treatment, to a reasonable degree of medical probability is primarily related to the April 25, 2019 Industrial Injury."

The appeals officer issued a decision and order affirming Sierra's denial of Gilman's request for additional medical treatment and his request to reopen his claim. After noting that Sierra had "accepted the claim for the following body parts: 'cervical strain only' and 'thoracic sprain only,'" the appeals officer found that Gilman's "lumbar spine was never accepted as part of his industrial claim" and that he failed to appeal Sierra's claim closure determination. In addition, the appeals officer found that Gilman did not receive treatment to his lumbar spine until after his industrial claim was closed and, therefore, equitable estoppel did not apply.[2] In other words,

---

[2]Gilman does not raise equitable estoppel as an issue on appeal. Therefore, we need not address it further. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) (providing that issues not raised on appeal are deemed waived). Although Gilman's physical therapy records are equivocal as to whether treatment was given for the lower back or lumbar region, he testified at the hearing before the appeals officer that he received treatment for low back pain before his claim was closed.

because the insurer did not pay for treatment to the lumbar spine, it could not be equitably estopped from denying coverage under *Dickinson v. American Medical Response*, 124 Nev. 460, 186 P.3d 878 (2008). The appeals officer also found that Gilman failed to comply with the requirements of the reopening statute, NRS 616C.390, explaining, "[h]ere, Mr. Gilman does not satisfy the statute because the lumbar was never an accepted body part." The appeals officer ultimately concluded that "[Mr. Gilman] has not met his burden to justify reopening his claim." Subsequently, the district court denied Gilman's petition for judicial review. This appeal followed.[3]

## ANALYSIS

On appeal, Gilman argues that the appeals officer erred in denying his motion to reopen his industrial claim. Primarily, Gilman contends that the appeals officer improperly considered Sierra's acceptance letter to be a "denial" of coverage for injuries to the lumbar spine that Gilman was obligated to appeal under NRS 616C.220.[4] Building on this assertion, he argues that his failure to appeal did not preclude the reopening of his industrial claim. Gilman further argues that overwhelming evidence supports reopening his industrial claim to include coverage for the low back surgery performed by Dr. Lee pursuant to NRS 616C.390. Sierra, in turn, argues that reopening the claim to include treatment to the lumbar spine

---

[3]We hereinafter refer to respondents collectively as Sierra.

[4]Under NRS 616C.220(10), "[a]ny party aggrieved by a determination to accept or to deny any claim" for industrial injury "may appeal that determination, within 70 days after the determination is rendered." The parties agree that Gilman did not appeal after receiving either Sierra's determination of claim acceptance or claim closure. The parties do, however, dispute whether Gilman's failure to administratively appeal either determination has any legal significance in resolving the issues before us.

would have been improper because Gilman failed to appeal the "acceptance" of his claim, which was limited to cervical strain and thoracic sprain only. Sierra also argues that substantial evidence supports the appeals officer's finding that Gilman failed to establish he was entitled to reopen his claim for medical treatment to his lumbar spine.

Generally, on appeal, the "standard for reviewing petitions for judicial review of administrative decisions is the same for this court as it is for the district court." *City of Reno v. Bldg. & Constr. Trades Council of N. Nev.*, 127 Nev. 114, 119, 251 P.3d 718, 721 (2011) (internal citations omitted). This court reviews an administrative officer's construction of statutes de novo. *Holiday Ret. Corp. v. State, Div. of Indus. Relations*, 128 Nev. 150, 153, 274 P.3d 759, 761 (2012). Further, we decide "pure legal questions without deference to an agency determination." *City of Reno*, 127 Nev. at 119, 251 P.3d at 721 (quoting *Jones v. Rosner*, 102 Nev 215, 217, 719 P.2d 805, 806 (1986)); *see also Maxwell v. State Indus. Ins. Sys.*, 109 Nev. 327, 329, 849 P.2d 267, 269 (1993) ("The construction of a statute is a question of law, and independent appellate review of an administrative ruling, rather than a more deferential standard of review, is appropriate.").

While we do not defer to administrative constructions of statutes, "[w]e review an administrative agency's factual findings for clear error or an arbitrary abuse of discretion and will only overturn those findings if they are not supported by substantial evidence." *City of North Las Vegas v. Warburton*, 127 Nev. 682, 686, 262 P.3d 715, 718 (2011) (internal quotation marks omitted). "Substantial evidence exists if a reasonable person could find the evidence adequate to support the agency's conclusion." *Law Offices of Barry Levinson, P.C. v. Milko*, 124 Nev. 355, 362, 184 P.3d 378, 384 (2008). This court will not "reweigh the evidence or revisit an appeals officer's

credibility determination." *Id.* at 362, 184 P.3d at 383-84. And we do not make factual determinations in the first instance. *See Ryan's Express Transp. Servs., Inc. v. Amador Stage Lines, Inc.*, 128 Nev. 289, 299, 279 P.3d 166, 172 (2012) ("An appellate court is not particularly well-suited to make factual determinations in the first instance.").

The pivotal issue in this appeal is whether the appeals officer misapplied NRS 616C.065(7) to find that the lumbar spine was not within the scope of Gilman's accepted industrial claim and thus erred in denying Gilman's request to reopen his claim for treatment to his lumbar spine on that basis. The appeals officer reasoned that Gilman could not move to reopen his claim for a body part that was never accepted as part of the original claim, asking rhetorically, "How can one have a worsening body part that was never part of the claim?"

We review the construction of NRS 616C.065(7) de novo. *See Holiday Ret. Corp.*, 128 Nev. at 153, 274 P.3d at 761. When interpreting a statute, "the proper place to begin is with the plain text of the relevant statute[s], and if those words are unambiguous, that is where our analysis ends as well." *In re Execution of Search Warrants*, 134 Nev. 799, 801, 435 P.3d 672, 675 (Ct. App. 2018). However, "when a statute is susceptible to more than one reasonable interpretation, it is ambiguous, and this court must resolve that ambiguity by looking to the statute's legislative history and construing the statute in a manner that conforms to reason and public policy." *Zohar v. Zbiegien,* 130 Nev. 733, 737, 334 P.3d 402, 405 (2014) (internal quotations omitted).

Here, the language of NRS 616C.065(7) clearly states that "[t]he failure of the insurer to indicate the acceptance or denial of a claim for a part of the body or condition *does not constitute a denial or acceptance thereof.*"

(Emphasis added.) And the acceptance or denial must be in writing. *See* NRS 616C.065(5) ("The insurer shall notify the claimant or the person acting on behalf of the claimant that a claim has been accepted or denied pursuant to subsection 1 or 2 [by mailing or sending] its written determination . . . ."). The plain language of these subsections of the statute unambiguously places the responsibility on Sierra to either accept or deny coverage of a specific body part or condition in writing when determining coverage for an industrial claim.

Further, this plain language interpretation is supported by the purpose of permitting claims to be reopened pursuant to NRS 616C.390. We have "a duty to construe statutes as a whole, so that all provisions are considered together and, to the extent practicable, reconciled and harmonized." *Orion Portfolio Servs. 2, LLC v. County of Clark ex rel. Univ. Med. Ctr. of S. Nev.*, 126 Nev. 397, 403, 245 P.3d 527, 531 (2010). And we "will not render any part of [a] statute meaningless, and will not read [a] statute's language so as to produce absurd or unreasonable results." *Id.* Failure to give effect to the plain language of NRS 616C.065(7) would frustrate the purpose of NRS 616C.390, which permits the reopening of a claim and expanding the scope of coverage where, for example, an injury to a body part manifests after a claim has been closed but is medically related to the original industrial accident.

In this case, Sierra's acceptance letter did not address coverage for the low back or lumbar pain that Gilman reported experiencing. Instead, Sierra's letter simply identified the "Body Part(s)/Injury Diagnosis" as "Cervical Strain (Only), Thoracic Sprain (Only)." Based on the statute's plain language, since Sierra neither accepted nor denied coverage for treatment to the lumbar spine, the letter cannot be interpreted to either accept or deny

coverage for *future treatment* related to the lumbar spine. Thus, under NRS 616C.065(7), the appeals officer's determination that Sierra's failure to expressly accept coverage for treatment to the lumbar spine was an implicit denial of coverage for that body part is incorrect.[5] Specifically, the appeals officer, without considering the plain language of the statute, appears to have found an *implicit* denial of coverage for the lumbar spine based on the *explicit* acceptance of coverage for other body parts. But the denial of coverage for the body part at issue—the lumbar spine—must be explicitly indicated in writing in keeping with the plain meaning of NRS 616C.065(7) and the requirements of NRS 616C.065(5) addressed above. Thus, we are not persuaded that the qualifier of "only" as related to the acceptance of the injuries to the other two body parts, cervical strain and thoracic sprain, supports the denial of coverage for the lumbar injury. By way of example, an argument could be made that the qualifier of "only" listed after cervical strain modifies the term strain, thereby limiting coverage to a cervical strain and excluding other cervical conditions.

Further, without an explicit denial of coverage for treatment to the lumbar spine, Gilman was not required to appeal within 70 days after either receiving Sierra's determination of claim acceptance or claim closure. *See* NRS 616C.220(10) (providing a right of appeal for "[a]ny party aggrieved

---

[5]To the extent Sierra relies on NRS 616C.495 for the proposition that "disputes concerning the scope of the claim **do not** survive claim closure," that statute is inapposite. Gilman did not dispute that his claim could be closed without a PPD evaluation. And even if we looked to NRS 616C.495 for "guidance as to the issues of claim closure and the scope of the claim" as suggested by Sierra, there was no "dispute" related to coverage for Gilman's lumbar spine that existed prior to claim closure because Sierra never expressly denied coverage for that claim in its claim acceptance letter. *Cf.* NRS 616C.065(7).

by a determination to accept or to deny any claim") and NRS 616C.315(3) (providing a right of appeal from a determination). In other words, since Sierra had not yet denied coverage for treatment to Gilman's lumbar spine, it would be illogical to require Gilman to appeal the lack of coverage for his lumbar spine injury. Accordingly, the appeals officer's decision to deny the reopening of Gilman's claim for failure to appeal Sierra's determination of coverage disregarded the plain language of NRS 616C.065(7) and was in error.

Even though it is unnecessary to consider the legislative history because of the plain language of the statute, we note that the history clearly supports that NRS 616C.065(7) was intended to permit the reopening of a claim to obtain treatment of a body or condition which was not specifically denied by the insurer.[6] During a subcommittee meeting of the Assembly Committee on Commerce and Labor, Robert Ostrovsky, representing Employers Insurance Group, explained the key legislative history:

> [the proposed amendment to S.B. 195(R1) adopting provisions of A.B. 178] includes nine major areas of consensus. The first area is the acceptance of a claim. There was a dispute that the letters sent to claimants, accepting a claim on a body part for example, were then used as a method for denying claims in the future—if the claimant had an arm injury and had to add a hip injury if both body parts were injured during the same incident. There were issues that the acceptance letter was being used as a weapon to deny those claimants the right to expand

---

[6]We note that Gilman and Sierra dispute the timely disclosure of the legislative history to the appeals officer. As we review the interpretation of a statute de novo, we may consider the legislative history. *See Zohar*, 130 Nev. at 737, 334 P.3d at 405. We also note that Gilman brought the legislative history to the attention of the appeals officer on reconsideration and provided that same authority to the district court as well.

their claim. To solve that problem, we added language that would clearly indicate that the letter of acceptance is not an exclusion, and not an automatic denial for other body parts. It does not mean that they will automatically be accepted, but it does mean you will get the opportunity to litigate those matters before an appropriate appeals or hearing officer, and/or discuss them with the parties.

Hearing on S.B. 195, Before the Assemb. Comm. on Commerce and Labor, 75th Leg., at 3 (Nev., May 13, 2009). Both the plain language of NRS 616C.065(7) and the statute's legislative history support our conclusion that Sierra's failure to expressly accept coverage for treatment to the lumbar spine cannot be interpreted as a denial of coverage. Therefore, Gilman's failure to appeal after receiving either Sierra's determination of claim acceptance or claim closure did not preclude him from subsequently seeking to reopen his claim under NRS 616C.390.

While the parties also dispute whether substantial evidence supported the appeals officer's decision that Gilman failed to establish that he was entitled to reopen his claim under NRS 616C.390 to seek medical treatment for his lumbar spine, this issue does not provide a basis to affirm the challenged decision. The appeals officer concluded that Gilman did not satisfy the reopening statute, NRS 616C.390, for a single reason: "because the lumbar was never an accepted body part." But as set forth above, the appeals officer erred in reaching this decision because Sierra did not explicitly deny coverage for injuries to the lumbar spine and, in any event, the appeal officer's one-line conclusionary statement cannot be considered substantial evidence supporting the denial of Gilman's request to reopen his industrial claim.

## CONCLUSION

Because the appeals officer erred in denying Gilman's request to reopen his industrial claim by misapplying NRS 616C.065(7) and without properly considering whether he satisfied the requirements of NRS 616C.390, we reverse and remand the matter to the district court with instructions to remand the matter to the appeals officer for further proceedings consistent with this opinion.

_____, J.
Bulla

We concur:

_____, C.J.
Gibbons

_____, J.
Westbrook